V. R. WILCOX v. E. C. WILLIAMSON.

1. TRESPASS. *False imprisonment. Liability of judicial officer. General rule.*
 The general rule is that a judicial officer cannot be made civilly or criminally liable for his acts as such, save upon an allegation and proof that they were corruptly done.

2. SAME. *Courts of inferior jurisdiction. General rule.*
 As to courts of inferior jurisdiction the general rule is, that the judge is not

liable when he acts within his jurisdiction, but is liable when he acts without his jurisdiction.

3. SAME. *Jurisdiction. Liability dependent on: Mistake. Doubtful jurisdiction.*
   The rule makes liability dependent on jurisdiction, but is not applicable to a case of mistaken exercise of doubtful jurisdiction, but is applicable when under the pleadings and facts there could be no possible jurisdiction.

4. JURISDICTION. *Conviction without complaint. Acquittal. Imprisonment. Trespasser.*
   Without complaint, affidavit, or charge of some kind, an inferior judge is without power to render any judgment whatever. A conviction would be utterly null and void, and an acquittal no protection against another prosecution. His proceeding to try, sentence, and imprison a party would make him a mere trespasser.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

This was an action of trespass for false imprisonment, and is here on demurrer. The declaration alleges that the defendant, E. C. Williamson, as Mayor of the town of Hazlehurst, caused the plaintiff, V. R. Wilcox, by his body to be brought before him, and then and there arraigned the said plaintiff, and of his own motion, without any charge against said plaintiff supported by affidavit of any person, and without any writ or warrant causing him to be brought before him, as aforesaid, and although the plaintiff had entered no plea but demanded a trial by jury, the said defendant did maliciously, wrongfully, and unjustly, contriving and intending to fine, imprison, harass, oppress, and injure the said plaintiff, maliciously, unlawfully, and willfully did pretend to convict the said plaintiff for violation of the "revenue laws," as the defendant said, of the town of Hazlehurst. The declaration further declares that the said Williamson imposed a fine of ten dollars and costs on plaintiff, which the plaintiff refused to pay, whereupon the said Williamson ordered him to jail, refusing to grant him an appeal, although he tendered a good and sufficient bond. That the plaintiff was actually put in jail, and was enlarged upon his payment, under protest, of the amount of the fine and costs. The plaintiff sues for twenty-five hundred dollars damages.

The declaration was demurred to on the following grounds :

1. Because the declaration shows no cause of action against the defendant.

2. Because the declaration is insufficient in law.

The demurrer was sustained, and from the judgment of the court sustaining the demurrer this appeal is taken.

*W. P. & J. B. Harris*, for the appellant.

It is not a question of arrest without warrant, but a conviction without complaint or information being made by any one. The complaint is a necessary jurisdictional act. Without it the mayor had no jurisdiction, and if he exceeded his jurisdiction he is a trespasser and liable to an action for false imprisonment. That the complaint is necessary has been expressly decided in this State in *Bingham* v. *State,* 59 Miss. 529. See opinion of court at page 530. We refer the court further to Bishop Criminal Procedure, vol. 1, § 636; .10 Am. Dec. 102; 12 Am. Dec. 170; 15 Am. Dec. 264; 6 Am. Dec. 200. As to the refusal of the appeal, see '2 Hilliard on New Trials 180, note.

*R. N. Miller*, for the appellee.

The rule announced by the Supreme Court of Maryland is the only safe and correct one. That a justice of the peace is liable for malicious, fraudulent, and corrupt conduct, but not for error of judgment, or mistake honestly made. *Knell* v. *Briscoe,* 49 Md. 414. Any other rule would destroy the provision of the law, which is not for the protection of the judge so much as for the benefit of the public, whose interest it is that all judges, superior and inferior, should exercise their functions with independence and without fear of consequences. The misconduct complained of in the declarations in this case must have been shown to have been malicious, willful, and corrupt. This is the only safe ground to stand upon. In support of these views, see *Yates* v. *Lansing,* 9 Johnson (N. Y.) 395, as reported in 6 Am. Dec. 290, and notes ; *Randall* v. *Brigham,* 7 Wall. 535; *Reid* v. *Hood,* 2 Nott & McCord 168; Moak's Underhill on Torts 188; *Stone* v. *Graves,* 40 Am. Dec. 131, and notes; *Stewart* v. *Southard,* 17 Ohio 402; 18 Am. Dec. 432; 7 Am. Dec. 574, 731; *Jones* v. *Hughes,* 9 Am. Dec. 364.

CHALMERS, J., delivered the opinion of the court.

The general rule is that a judicial officer cannot be made civilly or criminally liable for his acts as such, save upon an allegation and proof that they were corruptly done, and many courts deny that he can be made liable even where there has been corruption, if the judge is one of superior and general jurisdiction, though his act transcends his jurisdiction. As to courts of inferior and limited jurisdiction the general rule laid down is that the judge is not liable when he acts within, but is liable when he acts without, his jurisdiction. This rule makes the liability depend upon the jurisdiction, using the latter word not as applicable to a case of mistaken exercise of a doubtful jurisdiction, but when under the pleadings and admitted or clearly proven facts there could be no possible jurisdiction. *Lange* v. *Benedict*, 73 N. Y. 12; *Yates* v. *Lansing*, 9 Johns. 395; *S. C.*, 6 Am. Dec. 290, and notes; *Stone* v. *Graves*, 8 Mo. 148; *S. C.*, 40 Am. Dec. 148, and notes; *Cunningham* v. *Bucklin*, 8 Cowen 178; *S. C.*, 18 Am. Dec. 432, and notes. The averments of the declaration bring this case within the latter category, that is to say, under the facts averred in this declaration, the mayor of the town was not only without power to render the judgment which he did render, but was wholly powerless to render any judgment whatever. The conviction was utterly null and void and an acquittal would have been no protection to another prosecution. Without complaint, affidavit, or charge of any sort, he caused the plaintiff to be brought before him, and without the preferring of any charge of any kind proceeded or pretended to try, sentence, and imprison him. He was in so doing not a judge, but a mere trespasser. To hold such action judicial would be equivalent to saying that he was a judge, not of any court, but of the citizens at large, with power to arrest at his own pleasure and try at his own volition, without any charge. So far as the declaration shows, the arrest was not " upon the view," or while the party was actually committing or about to commit any violation of any law in the presence of the party making the arrest, but it took place by the order of the mayor alone, under none of the circumstances warranted by the statute, and the trial was entirely without an

accusation of any kind.    The whole proceeding was entirely with-
out judicial sanction.    *Flack* v. *Harrington,* Breese 165; *S. C.,*
Am. Dec. 170, and notes; *Tracy* v. *Williams,* 4 Conn. 107;
*Bigham* v. *State,* 59 Miss. 529 ; § 3025, Code of 1880.

*Judgment reversed, demurrer overruled, and defendant permitted
to plead in the usual terms.*