ODUM v. TALLY.

(Division B. May 12, 1931.)

[134 So. 163. No. 29394.]

S. H. Long, of Tupelo, for appellant.

Mitchell & Clayton, of Tupelo, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant sued appellee in the circuit court for a malicious prosecution, and the facts are briefly as follows:

Appellee was the operator of a grocery store, and appellant was a customer of said store. From December 1 to December 12, 1928, appellant had purchased at said store, on credit, supplies amounting to nineteen dollars and fifty cents. Appellant was unable to pay said sum because of an injury sustained by him about this time, as he says, and, on complaint being made by appellee of this default, it was arranged that appellant give a post-dated check, with the agreement to cover the same by the

deposit of funds at the earliest possible day. Therefore a check, dated January 17, 1929, for said sum of nineteen dollars and fifty cents was given by appellant, but, having been thrown out of full work on account of partial suspension of operations at the mill where appellant was employed, appellant was able to pay only one dollar and fifty cents on said check, which was paid direct to appellee and credited on the check, as shown by an indorsement on the back of said check.

The above is the statement of appellant. That of appellee is that the check dated January 17, 1929, was not for the purchases made in the previous month amounting as aforesaid to nineteen dollars and fifty cents, but was for goods in that exact amount purchased on said January 17, 1929, for cash, and that the check was given as cash for goods actually delivered on the faith thereof on the very day the check bears date.

The check was not paid on presentation at the bank, and on February 8, 1929, appellee, through his agent, procured an affidavit to be made against appellant, under what is commonly known as the Bad Check Law, sections 924 and 925, Code 1930. Appellant was immediately arrested and put in jail, where he was confined for nine days, after which the proceedings were dismissed at the direction of the county prosecuting attorney; and thereafter appellant brought this suit.

The issue is thus a simple one: If the check was given, as appellant states, for previous purchases, then the prosecution and imprisonment of appellant was palpably without cause, and since—if such was the case—the inference under the evidence is irresistible that the motive in the prosecution was none other than to use the criminal processes of the law to collect a debt, the prosecution was malicious within the meaning of the law. If, on the other hand, the check was given for goods purchased on the day the check bears date, and the goods were then and there delivered to appellant in exchange

for said check and on the faith that the check was presently good, then the prosecution was upon  cause, and the question of malice, actual or otherwise, disappears from the case.

Although such was the simple issue, the trial was allowed to range over much adjacent and improper territory; instructions contradictory, confusing, and inapplicable were given, and the plain issue, above stated, was finally obscured in such a way that the case lost its primary bearing and became befogged in errors and collateral issues.

Without wading through the nine assignments of error in detail, we reverse and remand, with directions that the case be tried on the material issues stated, in so far as the question of liability is concerned. We shall add, however, that the present verdict cannot be sustained, as earnestly urged by appellee, on the claim of appellee that he did not authorize the prosecution. On his own admission he knew that appellant was in jail, and he knew, or had sufficient facts before him to charge him with knowledge, that the imprisonment was on this particular charge, and at the instance of his agent; yet he took no step in disavowal, and must therefore be held to a ratification.

Reversed and remanded.