GRENADA COCO COLA CO. *et al. v.* DAVIS.

(Division B. Jan. 8, 1934. Suggestion of Error Overruled Feb. 5, 1934.)

[151 So. 743. No. 30952.]

Gilman Woods and Kermit R. Cofer, both of Water Valley, for appellants.

**John Horan,** of Water Valley, for appellee.

Creekmore & Creekmore, of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On September 29, 1931, appellee gave to appellant company a check for fifty-two dollars and eighty cents which was not paid on presentation to the bank and has never been paid. During the month of March, 1932, after several unsuccessful attempts to secure the payment of the check, appellant company placed it in the hands of a justice of the peace who was acting in the double capacity of a collection agent and officer. The collecting agent experienced a similar failure to collect after demand was made, and on March 28, 1932, the justice of the peace sent to the acting general manager of appellant company a blank form of an affidavit in criminal cases and requested that he sign and return. The acting general manager signed the blank form of affidavit, and upon its receipt the justice of the peace filled it out making a charge of felony against appellee for a violation of what is commonly called ''the bad check law'' (Code 1930, sections 923-925), and a warrant for the arrest of appellee was issued and executed. After his arrest appellee gave

bond, and on the trial was acquitted. Subsequently, appellee sued for malicious prosecution and there was a verdict and judgment for the plaintiff, and the defendants have appealed.

The case in all its material particulars is controlled by Odum v. Tally, 160 Miss. 797, 134 So. 163. The facts as shown by appellants' own testimony were that the check was given for bottled soft drinks, all but three cases of which had been delivered to appellee's place of business on days previous to that on which the check was given, and that in the check was included two dollars and forty cents for three cases of soft drinks delivered by appellant company to appellee at the latter's place of business during previous hours of that day. In Odum v. Tally, it was held that the goods must then and there be delivered in exchange for the check and on the faith that the check was presently good. The so-called bad check law does not cover the obtaining of goods where the goods had already been delivered, had passed completely out of the possession of the seller and away from his hands and premises in a previously completed transaction or transactions, although those transactions may have been at previous hours on the same day. There must be an exchange for the check at the time of delivery. The bad check law is severe enough without extending it by construction so as to include past deliveries, to say nothing of the question of the constitutional validity of such a statute if it were so construed.

The appellant company had complete knowledge of the facts aforesaid, and the acting general manager was at the time charged with that knowledge. He therefore knew in point of law that the facts did not bring the case within the bad check law and that there was no probable cause for a criminal prosecution of appellee. And when acting for appellant company he signed the blank form of the criminal affidavit and sent it to the justice of the

peace, he thereby constituted the justice of the peace as the agent of the company to. fill out the blank, and appellant company is therefore responsible for the subsequent arrest and prosecution. It is true that the acting general manager now says he did not intend that the blank affidavit which he signed should be filled out for a criminal charge, but he admits that he saw that it was the form of a criminal affidavit that he signed, and knew that it was to be used in and about the identical check here in issue, and in response to a point blank interrogatory he stated that he did not know and did not care at the time what the justice of the peace was going to put into the affidavit. The situation presents an incident where it is just and deserving to apply the general rule that ''where a party to an instrument intrusts it to another for use, with blanks not filled, such instrument so delivered carries on its face an implied authority to fill up the blanks necessary to perfect the same with matter in general conformity to the character of the instrument.'' 2 C. J., p. 1243.

Since then the facts known to appellant company were such that appellee was not chargeable with a criminal offense, and since without probable cause known to appellant company, it in legal effect instituted. the prosecution and placed in motion that which caused the issuance of the warrant and arrest, it follows inevitably that the prosecution was for the purpose of using the criminal processes of the law for the collection of a debt, and, as said in Odum v. Tally, this state of facts supplies all that is necessary of the element of malice, or wantonness.

The above salient facts are of those which are either undisputed or which are supplied by the evidence introduced in behalf of appellants. Under the facts appellee was entitled to the peremptory instruction on the issue of liability; and in consequence the several errors complained of by appellants disappear; it being neces-

sary to add only that the amount of the verdict is not mentioned in the briefs, and the amount is not such as to appear immoderate on its face. When contrary to constitutional safeguards, creditors resort to criminal processes and to arrests under criminal charges for the collection of their debts, we shall not be overdiligent in interference with the amounts of the damages fixed by juries for malicious prosecution.

Affirmed.