O'BRYANT *v.* COLEMAN.

(Division A.  Jan. 15, 1934.)

[152 So. 59.  No. 30976.]

(Division A.  April 23, 1934.)

. [154 So. 259.  No. 30976.]

**B. F. Carter,** of Laurel, for appellant.

Quitman Ross, of Laurel, for appellee.

Cook, J., delivered the opinion of the court.

The appellee purchased certain goods from Mrs. W. J. O'Bryant, the owner and operator of a store in the city of Laurel, Mississippi. In payment for these goods he tendered a check signed by one Malcolm West, a resident of the city of Laurel. After a consultation with her husband, the appellant, W. J. O'Bryant, who assisted in the management of the business, Mrs. O'Bryant took the appellee's address in the city of Laurel and accepted the check. On presentation of the check at the bank the following morning it was not paid, and thereupon Mrs. O'Bryant proceeded at once to the address which the appellant had furnished her, which was the home of the mother of the said Malcolm West. There she found the appellee, and at her suggestion or request he accompanied her to her store for the purpose of making some arrangement to take up the check. After some parleying between the parties, an officer was called to the store, and this officer accompanied the appellee to a point in the business section of the city where he claimed the said Malcolm West had agreed to meet him. Within a short time, having failed to find West at the designated place, they returned to the store, and thereupon, under direction of, and accompanied by, the said W. J. O'Bryant, the officer carried the appellee to the office of a justice of the peace, where the said W. J. O'Bryant executed an affidavit charging the appellee with the forgery of the check in question. The appellee was thereupon formally arrested and incarcerated in jail, where he remained for ninety-three days, and until after a grand jury had convened and failed to indict him. After his discharge from jail, the appellee sued for malicious prosecution, and from a verdict and judgment in his favor this appeal was prosecuted.

Upon the trial of the cause, the said Malcolm West, the purported maker of the check, was introduced as a witness, and he testified that he was indebted to the appellee for labor performed, and on that account he signed the check and delivered it to him. All the facts in evi-

dence demonstrate the total absence of probable cause for the arrest or prosecution of appellee on a charge of forgery, and the appellant practically admitted what the testimony very clearly shows, that is, that the prosecution was for the purpose of using the criminal process of law for the collection of a debt, which, as said in the cases of Odum v. Tally, 160 Miss. 797, 134 So. 163, and Grenada Coca Cola Company v. Davis (Miss.), 151 So. 743, decided January 8, 1934, supplies the necessary element of malice. Upon the facts, we think the appellee was entitled to the peremptory instruction on the issue of liability which he requested, and, in consequence, the errors complained of become immaterial.

Affirmed.

### On Suggestion of Error.

**Cook, J.**, delivered the opinion of the court on suggestion of error.

On a former day of this term, this cause was affirmed on the authority of Odum v. Tally, 160 Miss. 797, 134 So. 163, and Grenada Coca Cola Company v. Davis (Miss.), 151 So. 743, on the ground that the evidence clearly showed that the prosecution of appellee by the appellant was merely the use of the criminal process of the law for the collection of a debt, which supplied the necessary element of malice. A suggestion of error was filed herein, and, upon further consideration of the evidence, and particularly the entire cross-examination of the appellant, we have reached the conclusion that we are in error in holding that the undisputed testimony clearly established that the sole purpose of the prosecution was the collection of a debt. We have concluded that the question of whether or not that was appellant's purpose in instituting the prosecution was properly submitted to the jury.

Having reached the conclusion that it was proper to submit the cause to the jury, it becomes necessary to con-

sider errors assigned, and particularly the alleged error in an instruction granted the appellee reading as follows: "The court instructs the jury that if you believe from a preponderance of the evidence in this case that the defendant O'Bryant knew of the imprisonment of the plaintiff, upon a false and malicious charge made and sworn to by the defendant, if false and malicious, and that the defendant offered to withdraw the charges upon the payment to them, either by the plaintiff or his agents, of a certain sum of money alleged by the said defendant to be due and owing to him by the plaintiff, and for which the plaintiff was then in prison, your verdict should be for the plaintiff."

Upon the evidence in this record, we think this instruction was erroneous and prejudicial. There is no evidence that the appellant or his wife made any offer to withdraw the charge against appellee upon the payment to them of a sum of money. Certain questions were asked Mrs. W. J. O'Bryant seeking to show that such an offer was made by her in the presence of the appellant, but she emphatically denied that any such offer was made. There was no further evidence bearing upon the point, and therefore there was nothing upon which to base the instruction. We find no reversible error in the other assignments, but, for the error in granting this instruction, we are of the opinion that the judgment of the court below should be reversed, and the cause remanded.

Suggestion of error sustained, judgment reversed, and cause remanded.