NORTH CAROLINA MUT. LIFE INS. CO. *v.* GREEN.

(Division B. May 8, 1939. Suggestion of Error Overruled June 12, 1939.)

[188 So. 556. No. 33720.]

Ray & Spivey, of Canton, for appellant.

Stirling & Stirling, of Jackson, for appellee.

McGehee, J., delivered the opinion of the court.

This appeal involves the same questions of law, and the suit is based upon allegations of a similar state of facts, as those presented in North Carolina Mutual Life Insurance Company v. Mabel Lena Sanders, this day decided, 188 So. 554, except that the appellee herein did not signify his election to accept the cash surrender value of his policy or to receive the extended insurance provided for therein, within three months after the due date of the

premium which became due and payable in 1934, and which failure to make such election the appellant contends resulted in the exercise of the option on the part of the appellee to accept paid-up insurance as of the time within which the election should have been made; and wherefore the appellant also makes the contention that the suit was prematurely brought, since an action for paid-up insurance would not be maintainable until the death of the insured. We are of the opinion however that the appellee did not default in the payment of his premiums within the meaning of the clause contained in the policy requiring him to make such election within the three months therein provided for. He paid his premiums to the Century Life Insurance Company and to the Woodmen Union Life Insurance Company as long as either of said companies were authorized to receive the same, and was under no obligation to thereafter remit the same to the appellant for the reason that all liability on its part under the policy was being denied. If the facts alleged in the bill of complaint are true, and they were admitted by the demurrer, the appellee would be entitled to recover under his prayer for general relief any unpaid dividends and other benefits accrued under the policy as of November 4, 1933, if any, unaffected by his failure to exercise either of the options within the time therein provided for. Moreover, we do not think that the suit was prematurely brought even if the appellee should be held to have elected to accept paid-up insurance (by reason of his failure to exercise any other option within the three months' period referred to) for the reason that he would nevertheless be entitled to recover any unpaid dividends and other benefits accruing from the appellant mutual company as aforesaid; and would also be entitled to have the liability of the appellant under the clause providing for paid-up insurance fixed and determined, and payable at his death, since the appellant has already signified its intention to repudiate any and all liability whatsoever under the policy.

Affirmed and remanded.