BROADUS *v.* STATE.

In Banc. Feb. 14, 1949.

(38 So. (2d) 692)

148

J. M. Travis, and J. A. McFarland, Sr., for appellant.

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

## Montgomery, J.

Bryant Broadus was convicted in the court of C. C. Chatham, Justice of the Peace of District No. 2, Jasper County, on a charge of issuing a bad check to one J. I. Fowler, in violation of Section 2153, Code of 1942. Broadus appealed to the Circuit Court where he was again convicted, and he appeals from that judgment and sentence.

The proof shows that, on May 28, 1948, Boardus purchased from Fowler certain pressing shop equipment at an agreed price of $250. It was understood between them that the sale was to be a cash transaction. On the following day, May 29, 1948, an agent of Broadus called for the machinery and Fowler delivered it to the agent, who loaded it on a truck and departed, with Fowler's knowledge and consent, and without paying the purchase price. After the truck had departed, carrying the machinery away, Broadus appeared and delivered to Fowler his check for $250. The interval of time between the delivery of the machinery by Fowler to the agent of Broadus, completed by the departure of the truck and machinery for another county, and the time of the delivery of the check by Broadus to Fowler was thirty minutes or less, but Fowler, himself, admitted on the witness stand

that at the time he received the check from Broadus the machinery had been loaded on the truck and the truck had already departed from Rose Hill, Mississippi, where the sale and delivery were made. The check was drawn on the Pascagoula-Moss Point Bank of Moss Point. Fowler deposited the check in the Citizens National Bank of Meridian on or about May 30, 1948, and in due course the check was returned duly protested and marked ''insufficient funds.''

██ At common law, one who obtained goods by means of a check on a bank in which he had no credit could not be prosecuted for cheating, because there was, in such case, no false public token. 22 Am. Jur. p. 474, Sec. 76. In this State we have a statute, Section 2153, Code of 1942, amended by Chapter 403, Laws 1948, directed specifically against the use of worthless checks. For Broadus to be guilty of a violation of the statute, it would be necessary for the proof to show that Fowler then and there delivered the pressing machinery to him in exchange for Broadus' check, and on the faith that the check was presently good. Odom v. Tally, 160 Miss. 797, 134 So. 163. In Grenada Coca Cola Co. et al. v. Davis, 168 Miss. 826, 151 So. 743, this Court held that the so-called bad check law does not cover the obtaining of goods where the goods had already been delivered, had passed completely out of the possession of the seller and away from his hands and premises, but there must be an exchange for the check at the time of delivery.

██ In the case at bar, the pressing machinery had been delivered to the agent of Broadus and the agent had completely removed them from the possession and premises of Fowler and had departed from Roses Hill for Escatawpa, and had been gone for some thirty minutes before Broadus came up and delivered the check to Fowler in payment for same. When Fowler let the machinery leave his possession and control without demanding and receiving the purchase price, he extended credit for same. Broadus did not obtain the machinery with the check,

for he had already, before that time, obtained the machinery. He obtained nothing with the check. The check was given in discharge of a pre-existing debt. The bad check law has no application here. As was said in Grenada Coco Cola Co. v. Davis, supra, the bad check law is severe enough without extending it by construction so as to include past deliveries, to say nothing of the question of the constitutional validity of such a statute if it were so construed.

There is a distinction between the facts in the case at bar and the facts in the case of Moore v. State, Miss., 38 So. (2d) 693. In the Moore case the $20. was delivered to Moore on the faith of the check and that the check was presently good, while in the case at bar the pressing machinery was delivered and passed completely out of the possession and control of Fowler before he even knew whether the purchase money would subsequently be paid by check or by cash, or in fact paid at all.

The conviction of the defendant in the court below cannot, for the reasons stated, be allowed to stand. The judgment of the lower court will be reversed and the defendant discharged.

Reversed and rendered.