BLAKENEY v. STATE.

In Banc. April 11, 1949.

(39 So. (2d) 767)

**T. J. Wills,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Smith, J.**

Appellant was convicted in the Circuit Court of Jasper County, on appeal from a Justice of the Peace Court, on the charge of violating the so-called "Bad Check Law," Section 2153, Code 1942, as amended by Chapter 403, Laws of 1948.

One, Johnny Bender, contracted with appellant to saw logs and blocks for him for six dollars per day, and transportation to and from the place of work. On a certain Monday afternoon he started the performance of his contract, and labored through Friday afternoon of the same week. On that afternoon appellant was then the debtor of Johnny Bender, and due to pay him for the labor he had rendered, pursuant to the contract. After his employee had knocked off from work, appellant gave him a check on a nearby bank for the wages he owed Bender for the services rendered. Payment of the check was refused by the bank on which it was drawn, the check containing the pencil notation, "No acct."

Thereafter Bender swore out a warrant against appellant charging that he "unlawfully, wilfully and with the fraudulent intent to cheat and defraud" affiant, issued said check. This language was followed by phraseology attempting to bring the alleged act within the statute.

The check was not issued in advance of the performance of the labor, and Bender's service was not rendered on consideration of the check. It was issued at the end of the work, to discharge appellant's indebtedness therefor. This brings the case squarely within our recent case of Broadus v. State, 38 So. (2d) 692. In the case at bar, the work of sawing logs and blocks for the week was over, an accomplished fact, and appellant was then

a debtor to Bender, and the check was in purported payment of this liability. Section 30 of the Constitution of 1890 prohibits imprisonment for debt. If the statute herein charged to have characterized the conduct of appellant in this case as criminal, had by its provisions brought the facts of this case before us within its terms, the statute would have made nonpayment of debt a crime punishable by fine and imprisonment, and that would have violated Section 30 of the Constitution. However, the statute was not so intended, and its language does not so imply. It follows that, while liable civilly to the payee of the check, appellant cannot be responsible criminally under the circumstances of this case.

The judgment of the trial court is, therefore, reversed and appellant discharged.

Reversed and appellant discharged.