KITCHENS *v.* BARLOW, et al.

No. 42932 June 1, 1964 164 So. 2d 745

*Young & Young, Pat H. Scanlon,* Jackson, for appellant.

*Watkins, Pyle, Edwards & Ludlam, G. M. Walker,* Jackson, for appellees, Jackson. Jitney Jungle Stores and Bayard T. Van Hecke.

*John R. Poole,* Jackson, for appellees, James L. Barlow and Maryland Casualty Company.

KYLE, P. J.

Odus Allen Kitchens, plaintiff, filed his declaration in the Circuit Court of the First Judicial District of

Hinds County against Mrs. Olie M. Polk and Ray Lofton, resident citizens of Marion County, Mississippi, and James L. Barlow and Bayard T. Van Hecke, resident citizens of the First Judicial District of Hinds County, and Jitney Jungle Stores, Incorporated, Aetna Casualty and Surety Company, a Connecticut Corporation, qualified to do business in Mississippi, and Maryland Casualty Company, a Maryland Corporation qualified to do business in Mississippi, defendants, in an action for damages for abuse of process, malicious prosecution, negligence, false arrest and unlawful imprisonment.

The plaintiff alleged in his declaration that on August 2, 1961, the Jitney Jungle Stores received a check from one "R. A. Kitchen" for $7.46, a photographic copy of the check being attached to the plaintiff's declaration as Exhibit "B" thereto. The check was in words and figures as follows:

"DATE August 2 1961
DEPOSIT GUARANTY BANK & TRUST CO.

Jackson, Mississippi

Pay to the
Order of JITNEY JUNGLE #6 7 46/100

Seven and forty six cts_____DOLLARS
Account Number
47-488-20 and signed: R. A. Kitchen
 1021 Whitworth"

The declaration further alleged that on or about October 23, 1961, the defendants, Bayard T. Van Hecke and Jackson Jitney Jungle Stores, Inc., made and executed a criminal bad check affidavit before the defendant, James L. Barlow, a duly elected and qualified justice of the peace of Hinds County, for the arrest of one "A. A. Kitchen, alias Allen Kitchen", for the crime of issuing a check under false pretenses, in violation of Section 2153, Miss. Code of 1942, Rec. A photographic

copy of the affidavit and check were attached to the declaration as Exhibits "A" and "B" thereto. The declaration further alleged that at all times related therein, the defendant, Bayard T. Van Hecke, was acting as an officer or agent of the Jitney Jungle Stores, Inc., and was acting within the scope and course of his employment. The declaration further alleged that the defendants, Bayard T. Van Hecke, Jackson Jitney Jungle Stores, Inc., and James L. Barlow caused to be prepared and forwarded a criminal warrant for the arrest of "R. A. Kitchen, alias Allen Kitchen", to the defendant Mrs. Olie M. Polk, the duly elected, qualified and acting sheriff of Marion County, and that they erroneously advised Mrs. Polk that the signer of the check could be found at either the address where the plaintiff was then living, or the place where the plaintiff was then employed, a photographic copy of said warrant being attached to the declaration as Exhibit "C".

The plaintiff further alleged that, upon receipt of the above mentioned warrant and information, the defendant Mrs. Olie M. Polk turned the warrant over to the defendant Ray Lofton her duly appointed, qualified and acting deputy, who proceeded to the place where the plaintiff was working, and making no effort whatsoever to ascertain the plaintiff's complete name arrested the plaintiff and placed him in the Marion County jail at Columbia; that Lofton refused to heed the plaintiff's insistent protest, that he was not the party named in the warrant and also the plaintiff's offers to prove his true identity. The plaintiff further alleged that he was left in his cell as a common prisoner for many hours, his continued protest being ignored unless and until the amount of said check and all costs of court were paid; and that, finally, at the conclusion of the work day, one of the plaintiff's fellow workers came to the jail and loaned the plaintiff sufficient cash to pay the sum demanded and thereby obtain his release; that

the plaintiff paid the total sum of money demanded by the defendants Polk and Lofton, which included the amount of the check held by Jitney Jungle Stores, Inc., the court costs of the defendant James L. Barlow and the fees and mileage of the defendants Polk and Lofton, and upon payment of said sum the plaintiff was released from jail and allowed his freedom; that the sum of money thus paid was accepted by the defendants, Polk and Lofton, and after deduction of their fees and mileage was forwarded to the defendant Barlow, who deducted his fees and court costs and sent the remainder of the money to the defendant Jitney Jungle Stores, Incorporated.

The plaintiff further alleged that his name was ''Odus Allen Kitchens,'' and that he had never used or gone by the name of ''R. A. Kitchen,'' and that he was not a person who executed the check to the Jackson Jitney Jungle Stores, Inc.

The plaintiff charged that the defendants, Bayard T. Van Hecke and Jackson Jitney Jungle, Inc., were guilty of a willful, malicious abuse of criminal process when Bayard T. Van Hecke, acting for and on behalf of the Jackson Jitney Jungle Stores, Inc., made the affidavit before Justice of the Peace Barlow for the ulterior purpose of collecting or extorting the payment of money by the preversion of said criminal process for the alleged debt due Jackson Jitney Jungle Stores, Inc., by one R. A. Kitchen.

The plaintiff further charged that, as a result of the making and filing of the affidavit, the defendant James L. Barlow issued a warrant for the arrest of one ''R. A. Kitchen alias Allen Kitchen''; that said warrant was willfully and maliciously issued, perverted and used to force the payment of money by the plaintiff, which was a result not commanded by said warrant and not lawfully returnable under it. The plaintiff further charged that the defendant Barlow abused a criminal process

when he so issued, perverted and used it to collect from the plaintiff the alleged debt, the costs of the justice of the peace court and the costs and fees of the defendants Mrs. Polk and Lofton; and that the defendant, Barlow did not have jurisdiction or authority to issue, pervert and use a criminal warrant for the collection of a civil debt, and in so doing the defendant Barlow acted outside the scope of his jurisdiction and authority.

The plaintiff further charged that the defendants, Mrs. Olie Polk and Ray Lofton, were guilty of a willful and malicious abuse of a criminal process when they took, used and perverted the criminal process for the purpose of collecting or extorting the payment of money from the plaintiff for the payment of the alleged debt owed the Jackson Jitney Jungle Stores, Inc., and for the payment of the costs of the defendant Barlow and their own fees and costs.

The plaintiff further alleged that the defendant Maryland Casualty Company was a surety on the official bond of the defendant, James L. Barlow, justice of the peace, and responsible for the faithful performance of the duties of his office; and that the defendant, Aetna Casualty and Surety Company, was the surety on the official bond of Mrs. Olie M. Polk, Sheriff, and was responsible for the faithful performance of the duties of her office. Certified copies of the official bonds of each of said officers were attached as exhibits to complainant's declaration.

The plaintiff alleged that he was a citizen of good moral character and had a reputation, both business and social, in the communities where he had resided as being a good, honest, sober and reliable citizen; that as a direct proximate result of the aforesaid wrongful acts on the part of all of the defendants, the plaintiff had lost two days from his employment, in addition to the sum of money he had paid the defendants Polk and Lofton in order to obtain his release and freedom; that

he had suffered humiliation, embarassment and ridicule, and his reputation among his friends and associates had been subjected to doubt and suspicion, all as a direct proximate result of the willful, malicious acts of the defendants, entitling him to damages both actual and punitive from all of the defendants.

In Count 2 of his declaration the plaintiff alleged that the defendants, Jackson Jitney Jungle Stores, Inc., Bayard T. Van Hecke and James L. Barlow, were guilty of malicious prosecution of the plaintiff when they instituted a criminal proceeding which resulted in his arrest and confinement; and that the defendants, Mrs. Olie M. Polk and Ray Lofton, were guilty of malicious prosecution of the plaintiff, when they continued the criminal prosecution with malice and without probable cause by placing the plaintiff in confinement in the Marion County jail; that the prosecution terminated in the plaintiff's favor when he paid all fees and costs and the amount of the alleged debt; and that all of the defendants were guilty of malicious prosecution, since they were using a criminal process to collect a civil debt.

In Count 3 of his declaration the plaintiff alleged that the defendants, Bayard T. Van Hecke, Jackson Jitney Jungle Stores, Inc., and James L. Barlow, acted with gross negligence when they made insufficient and incomplete investigation to ascertain the correct identity and whereabouts of the true signer of the check in question; and the defendants were grossly negligent in assuming that the plaintiff was the signer of the check; that the defendants, Mrs. Olie M. Polk and Ray Lofton, were both guilty of negligence when they contacted the plaintiff and made no effort, or insufficient effort, to ascertain the plaintiff's true name and identity, and were grossly negligent in the execution of the criminal warrant calling for the arrest of "R. A. Kitchen, alias Allen Kitchen"; and the joint and concurrent negligence

of all the parties was such as to entitle the plaintiff to punitive damages against all of the defendants.

In a fourth count of his declaration the plaintiff adopted all of the allegations set forth in Counts 1, 2, and 3, and further alleged that the acts of the defendants were joint and concurrent and a continuing sequence of events which resulted in the false arrest, and unlawful imprisonment and the violation of the constitutional rights of the plaintiff, and that said acts of the defendants were a direct proximate cause of the damages sustained by the plaintiff.

The plaintiff therefore sued and demanded judgment for $50,000 against each and all of the defendants.

On April 24, 1963, the defendants, Mrs. Olie M. Polk, Ray Lofton, Aetna Casualty and Surety Company, by their attorneys, filed a waiver of process and entry of appearance.

On May 6, 1963, the defendants James L. Barlow and Maryland Casualty Company, surety on Barlow's official bond, filed a separate demurrer to the plaintiff's declaration, and assigned as ground therefor the following:

1. That the declaration wholly failed to state a cause of action against the defendants Barlow and Maryland Casualty Company.

2. That the declaration showed on its face that the plaintiff had improperly attempted to join in one suit entirely separate, independent, and disconnected alleged causes of action, each involving different defendants and occurred at different times and at different places; and that the declaration reflects a misjoinder of causes of action.

On May 10, 1963, the defendants Bayard T. Van Hecke and Jackson Jitney Jungle Stores, Inc., likewise filed a demurrer and assigned as grounds therefore the following:

1. That the declaration wholly failed to state a cause of action against them or either of them.

2. That the declaration showed on its face that the plaintiff had improperly attempted to join in one suit entirely separate, independent and disconnected alleged causes of action.

3. That the declaration showed upon its face that the two last named defendants could not be held jointly and severally liable with the other defendants for all of the alleged causes of action attempted to be set forth therein.

4. That the plaintiff's cause of action was barred by the statute of limitations.

After the filing of the above mentioned demurrers the plaintiff by his attorneys, on May 31, 1963, filed a motion to dismiss without prejudice his cause of action against the defendants, Mrs. Ollie M. Polk, Ray Lofton and Aetna Casualty and Surety Company; and an order was entered on the same day dismissing, without prejudice, the plaintiff's cause of action against the said defendants.

The cause was heard on June 3, 1963, on the separate demurrers of the defendants James L. Barlow and Maryland Casualty Company, and the defendants Bayard T. Van Hecke and Jackson Jitney Jungle Stores, Inc. The court, having heard arguments of counsel, was of the opinion that the demurrers were well taken and should be sustained, and an order was therefore entered sustaining the demurrers as to the above named defendants. The plaintiff declined to plead further, and an order was entered dismissing the plaintiff's cause of action against the defendants James L. Barlow and Maryland Casualty Company, and Bayard T. Van Hecke and Jackson Jitney Jungle Stores, Inc. From that order the plaintiff has prosecuted this appeal to this Court.

The appellant has assigned and argued two points as ground for reversal of the judgment of the lower court:

1. That the lower court erred in sustaining the demurrers of the appellees.

2. That the lower court erred in finding that the declaration failed to state a cause of action against the appellees, or any of them.

 █ We think there was no error in the action of the trial judge in sustaining the demurrer filed by the defendants James L. Barlow, justice of the peace, and Maryland Casualty Company, surety on his official bond.

The prosecution complained of in this case was instatuted under the "Bad Check Law," § 2153, Miss. Code of 1942, Rec.

The affidavit upon which the warrant for the arrest of "R. A. Kitchen, alias Allen Kitchen," was issued, was signed and sworn to by "Jackson Jitney Jungle Stores, Inc., B. T. Van Hecke" on October 23, 1961. The affidavit was made on a printed form copy of the affidavit prescribed by Code Sec. 2154. The affidavit charged "that R. A. Kitchens (Allen Kitchens) * * * did willfully and unlawfully, with intent to defraud, make, issue and deliver unto Jitney Jungle No. 6, for value, to-wit - - - his certain check," drawn on the Deposit Guaranty Bank and Trust Co., for the sum of $7.46, "and with intent to defraud obtained said value and property from affiant * * *." The warrant was issued by the justice of the peace pursuant to the provisions of Code Sec. 1832, which provides as follows: "On affidavit of the commission of any crime of which he has jurisdiction lodged with a justice of the peace, he shall issue a warrant for the arrest of the offender returnable forthwith or on a certain day to be named, and shall issue subpoenas for witnesses as in civil cases, and shall try and dispose of the case according to law; * * *."

■■ In State Life Insurance Co. of Indianapolis v. Hardy, 189 Miss. 266, 195 So. 708, the Court said: "The term 'malice', in the law of malicious prosecution, is used in an artificial and legal sense, and simply means that the prosecution was instituted 'primarily because of a purpose other than that of bringing an offender to justice'; 3 Rest. Torts, Page 380, and Sec. 653; ■■ and instituting a prosecution for the purpose of aiding in the collection of a debt is for an improper purpose and therefore malicious. Odom v. Tally, 160 Miss. 797, 134 So. 163; Grenada Coca Cola Company v. Davis, 168 Miss. 826, 151 So. 743; and in O'Bryant v. Coleman, 169 Miss. 776, 152 So. 59, 154 So. 259; 3 Rest. Torts, Sec. 668, Comment g."

The declaration in this case did not allege that the justice of the peace at the time he issued the warrant, had any knowledge of the truth of falsity of the charge sworn to in the affidavit other than the sworn statement of the affiant, B. T. Van Hecke. The declaration did not allege that the justice of the peace had any financial interest in the prosecution of the accused or the recovery of the money obtained by the accused when he issued the check. The declaration did not allege that the justice of the peace, at the time he issued the warrant, had personal knowledge of the fact, if it was a fact, that the prosecution was being instituted for the collection of a civil debt. The declaration did not allege that the justice of the peace did not have territorial jurisdiction of the offense charged in the affidavit.

■■ In 51 C.J.S., p. 36, Justices of the Peace, §19a, it is said: "In common with other judicial officers, * * * a justice of the peace is not civilly liable for any error or irregularity in the performance of judicial acts within the scope of his jurisdiction. The injured person has a remedy, in such case, by appeal or writ of error. This immunity from civil liability is based on considerations of public policy, and extends under

most authorities, even to cases in which a justice upholds and enforces unconstitutional laws, although there is also authority to the contrary."

In Wilcox v. Williamson, 61 Miss. 310, the Court said: "As to courts of inferior and limited jurisdiction, the general rule laid down is that the judge is not liable when he acts within, but is liable when he acts without his jurisdiction. The rule makes the liability depend upon the jurisdiction, using the latter word not as appilcable to a case of mistaken exercise of a doubtful jurisdiction, but when under the pleadings and admitted or clearly proven facts there could be no possible jurisdiction."

The appellant cites three Mississippi cases to support his claim that the justice of the peace should be held liable for damages in this case. Those cases are State, Use of McLaurin v. McDaniel, 78 Miss. 1, 27 So. 994; Lizana v. State, 109 Miss. 464, 69 So. 292; State, Use of Little, v. United States Fidelity & Guaranty Co., 217 Miss. 576, 64 So. 2d 697.

In State, Use of McLaurin, v. McDaniel, supra, the Court held that a mayor who caused to be arrested, fined and committed to prison without an affidavit one who had committed no offense in his presence was liable therefor in an action for false imprisonment. In Lizana v. State, supra, the Court held that the sureties on the official bond of a justice of the peace were liable with him, in an action of malicious prosecution for making a criminal affidavit against the plaintiff to scare him into paying a debt, in causing his arrest thereon, in refusing to allow him to testify and in convicting plaintiff and sentencing him to a fine and imprisonment, since what the magistrate does colore officii his sureties are liable therefor.

In State, Use of Little, v. United States Fidelity & Guaranty Co., supra, the record showed that the warrant for the arrest of the defendant, under the "Bad

Check Law'', had been issued by a justice of the peace in another county, who had no territorial jurisdiction of the alleged offense, and for a past due debt which he did not owe. The Court held in that case that the justice of the peace who issued the warrant had no jurisdiction of the offense charged in the affidavit, and was not entitled to judicial immunity when he knew from authentic documents which he had before him when he issued his warrant of arrest that the offense charged was committed, if committed at all, in another county, and particularly was that true when the officer knew that the purpose of the proceeding was to collect an alleged debt, and that the debt was not one due by the person ordered to be arrested.

It can be readily seen that none of those cases are controlling here.

We think the court erred in sustaining the demurrer filed on behalf of the Jitney Jungle Stores Inc., and Bayard T. Van Hecke. The record shows that the prosecution was initiated by the defendant Bayard T. Van Hecke who signed the affidavit on behalf of Jitney Jungle Stores. The declaration charged that the affidavit was made for the purpose of enforcing payment of a debt and that the Jackson Jitney Jungle Stores and its agent, Van Hecke, were guilty of a willful and malicious abuse of criminal process when Van Hecke, acting for and on behalf of Jitney Jungle Stores, made the affidavit before the justice of the peace for the purpose of collecting or extorting the payment of money.

██ █ In Odum v. Tally, 160 Miss. 797, 134 So. 163, this Court held that the institution of a criminal proceeding under the ''Bad Check Law'', if merely for the purpose of collecting a debt, could render a prosecution malicious. In Grenada Coco Cola Co. v. Davis, 168 Miss. 826, 151 So. 743, this Court said: ''The so-called 'bad check law' does not cover the obtaining of goods where the goods had already been delivered, had

passed completely out of the possession of the seller and away from his hands and premises in a previously completed transaction or transactions, although those transactions may have been at previous hours on the same day. There must be an exchange for the check at the time of delivery.''

██ █ In Broadus v. State, 205 Miss. 147, 38 So. 2d 692, the Court held that the rule at common law, that one who obtained goods by means of a worthless check is not guilty of cheating, is changed by Section 2153, Code of 1942, as amended by Chapter 403, Laws of 1948, commonly known as the bad check law; but in order that the statute shall apply it must be shown that the property was then and there delivered to the accused in exchange for his check and on the faith that the check was presently good. █ In the case of Harvill v. Tabor, 240 Miss. 750, 128 So. 2d 863, the Court held that, when prosecution is for the purpose of using the criminal processes of the law to collect a debt, such fact supplies element of malice as a basis for malicious prosecution.

In Section 1464, Miss. Code of 1942, Rec., it is provided that: ''The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter for substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different.''

██ █ It is well settled that on demurrer, all averments of declaration must be taken as true. Conroy v. Breland, 185 Miss. 787, 189 So. 814; Ross v. Louisville & N. R. Co., 178 Miss. 69, 172 So. 752; North Carolina Mutual Life Ins. Co. v. Green, 186 Miss. 377, 188 So. 556.

██ █ Based upon the authorities which we have cited we think the plaintiff's declaration contains sufficient

matter of substance for the Court to proceed upon the merits of the cause as to the defendants, Jitney Jungle Stores, Inc., and Bayard T. Van Hecke, and that the court erred in sustaining the demurrer as to those defendants. We express no opinion as to the merits of the case. We express no opinion as to the contention of the appellees that the plaintiff's cause of action was barred by the statute of limitation. The record before us does not show the date of the filing of the plaintiff's declaration. For the reasons stated above the judgment of the lower court is affirmed as to the appellees, James L. Barlow and Maryland Casualty Company, surety on his official bond. The judgment is reversed as to the appellees, Jitney Jungle Stores, Inc., and Bayard T. Van Hecke, and the cause is remanded for further proceedings not inconsistent with the views expressed in this opinion.

Affirmed as to appellees James L. Barlow and Maryland Casualty Company; reversed and remanded as to the appellees Jitney Jungle Stores, incorporated, and Bayard T. Van Hecke.

*Gillespie, McElroy, Rodgers and Brady, JJ.,* concur.