OBERLIN *v.* DIXON

No. 43351          February 15, 1965          171 So. 2d 512

*Johnson & Johnson,* Natchez, for appellant.

*R. L. Netterville, Joseph E. Brown,* Natchez, for appellee.

Jones, J.

In the Circuit Court of Adams County, appellee, George Dixon, a semi-literate Negro, sued appellant, Irving Oberlin, a white man, for malicious prosecution. The jury found for the appellee and awarded him $2700 actual damages. Hence this appeal. We affirm.

The facts show that on May 23, 1963, appellant filed an affidavit before Robert V. Walcott, Justice of the Peace of District Four, Adams County, charging appellee with violation of the bad check law in the issuance of a check for $110 with no account in the bank on which it was drawn. Warrant was issued the same day. However, appellee was not arrested until September 2, 1963 (Labor Day), when he was taken at his home in Jefferson County, transferred to the jail in Adams County, and there confined until the following Thursday, when he was released on bond. The check in question was issued in November 1962.

On September 19, 1963, a preliminary hearing was had and appellee was discharged by the Justice of the Peace.

The declaration alleged the affidavit was false and was maliciously made, without probable cause. The facts were controverted and the testimony conflicting. However, the appellee's version of the matter, which the jury by its verdict accepted, was that on the date of the check he borrowed $10 from appellant and signed what he thought was an I.O.U.; that he later repaid the $10 and appellant promised to return his paper. The check was introduced and shows on its face that there was a change in the amount from $10 to $110. Appellant said the appellee insisted after the check was made for $10 that he, appellee, had to have $110 and he then, in appellee's presence, changed the amount and cashed it for $110. Appellee denied this.

Later appellee signed a bill of sale to a power saw and chain which recited it was ''in order to secure my check for $110. . .'' Appellee, who could not write except his name, and could read very little, claimed this was after the $10 check had been paid and was to secure another loan of $20.

Appellant assigns eleven or twelve errors but only argues a few which we do not think are well taken.

He was permitted to show the bad reputation of appellee for honesty or dishonesty, although appellee had not sued for damage to reputation. While the court stated such evidence would be limited to his "general reputation known to defendant" and "his credibility as a witness," it seems that the evidence offered as to his general reputation was admitted without further proof.

Appellant complains because objection was sustained to his question to appellee as to "why he couldn't get pulpwood tickets signed in the Natchez area"? (Appellee was a pulpwood hauler.) Appellant stated he desired to show he could not get tickets because of false pretense dealings. If it were error to sustain this objection, we do not think it reversible error. Appellant showed at least two convictions for bad checks and that appellee had been arrested previously, the number of times not known to appellee. Appellant was not permitted to further pursue the number of arrests.

It was shown that appellant made the statement that he failed the affidavit to collect his money. This was sufficient to show malice. Odum v. Tally, 160 Miss. 797, 134 So. 163 (1931).

However, accepting appellee's version, which the jury did, the affidavit was utterly false — the check was for a loan; it was for $10 rather than $110, and had been paid. Certainly under such circumstances a prosecution could not be said to be with probable cause and without malice. 34 Am. Jur. *Malicious Prosecution* §§ 45, 47 (1941).

Affirmed.

*Kyle, P. J., and Gillespie, Brady and Inzer, JJ.,* concur.