413 So.2d 1041 (1982)
Hoyle Lee MILLER
v.
STATE of Mississippi.
No. 53184.
Supreme Court of Mississippi.
May 19, 1982.
Charles R. Brett, Tupelo, for appellant.
Bill Allain, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Prentiss County wherein Hoyle Lee Miller, defendant/appellant, was indicted, tried and convicted for false pretenses by delivery of a bad check. Upon conviction, Miller was sentenced to serve three years in the Mississippi Department of Corrections and fined $1000. We reverse.
In April 1979 appellant contacted Doyle Jackson of Jacobs Furniture Manufacturing, Inc., regarding a purchase of furniture. Jackson agreed to sell appellant ten 3-piece suites of furniture for $3,042.50. Jackson prepared an invoice after this phone call which bore the date of April 18, 1979.
Appellant, his girl friend, and truck driver arrived at Jacobs Furniture on Monday, April 23, 1979 (or April 11, 1979, according to appellant), to take delivery of the furniture. While the furniture was being loaded onto appellant's truck, appellant gave Jackson a check dated April 23, 1979, for $3,077.50. Jackson agreed to hold appellant's check for three days, whereupon appellant, or his truck driver, would return with cash and pick up the check. Appellant, according to Jackson, never indicated the check was not good. Otherwise, he would not have loaded the furniture onto appellant's truck. When Jackson tried to *1042 cash the check on May 4, 1979, there were insufficient funds in appellant's account to cover the same.
Appellant, his wife and appellant's truck driver, testified that they took delivery of the furniture from Jackson Furniture on April 11, 1979. Appellant and his wife also asserted that Jackson understood that appellant had insufficient funds to cover the check and further agreed to hold the same until appellant returned from Wichita Falls, Texas, with cash money from the sale of the furniture. Appellant and his witnesses also asserted they picked up only seven suites of furniture instead of the ten suites that were ordered. Appellant and his witnesses also sought to establish his presence in Wichita Falls, Texas, on April 23, 1979.
The jury returned a verdict of guilty as charged, whereupon appellant was sentenced to three years in the Mississippi Department of Corrections and fined $1000.

Did the trial court err in overruling appellant's request for peremptory instruction?
Before a conviction can be had on a charge of false pretenses by delivery of a bad check, it is incumbent on the state to prove that a seller parts with something of value on the belief that the check is good at that particular time. Hindman v. State, 378 So.2d 663 (Miss. 1980); Pollard v. State, 244 So.2d 729 (Miss. 1971); Kitchens v. Barlow, 250 Miss. 121, 164 So.2d 745 (1964); Broadus v. State, 205 Miss. 147, 38 So.2d 692 (1949); Grenada Coca Cola Co. v. Davis, 168 Miss. 826, 151 So. 743 (1934); and Odum v. Tally, 160 Miss. 797, 134 So. 163 (1931).
In viewing the evidence on request for a peremptory instruction, we must consider as true all the evidence offered by the state, together with reasonable inferences, and if that evidence will support a verdict of guilty, the question is for the jury to determine. Goldman v. State, 406 So.2d 816 (Miss. 1981). The state's evidence in the case sub judice established that Jackson agreed to hold appellant's check for three days whereupon appellant's truck driver would return with cash money and pick up the check. Jackson, therefore, did not part with his merchandise on the belief that the check was presently good. The evidence established nothing more than a pure and simple credit transaction. Appellant's request for a peremptory instruction should have been granted.
Since the evidence failed to establish the crime for which appellant was charged, the cause is reversed and appellant is hereby discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DARDEN, JJ., concur.