### RIECHMAN-CROSBY Co. *v.* DINWIDDIE.

[77 South. 906, Division B.]

1. PRINCIPAL AND AGENT. *Scope of authority. Agent's testimony.*

An agent can testify on the witness stand as to the scope of his agency and the extent of his powers.

2. PRINCIPAL AND AGENT. *Relation. Scope of authority. Admissions of agent.*

An agent's admissions outside of court and off the witness stand are not competent to show the fact of his agency or the extent of his power.

3. APPEAL AND ERROR. *Review. Finding of chancellor.*

Where the record on appeal presents a conflict of facts and the chancellor found generally for the defendant, and the court is not able to say that he was manifestly wrong, the case will be affirmed.

ON SUGGESTION OF ERROR. For former report see 77 So.533.

APPEAL from the chancery court of Quitman county. HON. JOE MAY, Chancellor.

Suit between the Riechman-Crosby Company and R. Dinwiddie.

From a decree for the latter, the former appeals.

ETHRIDGE, J., delivered the opinion of the court.

This case was decided without an opinion and affirmed on a former day of this court. 77 So. 533. Suggestion of error has been filed in which it is insisted that we either did not understand the record or were misled as to the issue presented. In response to the suggestion of error we desire to say that we recognize the right of an agent to testify on the witness stand as to the scope of his agency and the extent of his powers, and that this is different from a mere admission not made in the courts. Of course, an agent's admissions outside of court and off the witness stand are not competent to show the fact of his agency or the extent of his power. Neither did we base the decision upon the question of the statute of limitations presented in the case, being of the opinion that, the appellee being a nonresident, the statute would not run against him.

But Dinwiddie testified contradicting appellant's proof, and we think that on this conflict of evidence the chancellor could well find for Dinwiddie. The testimony of complainant tended to show that the goods were

ordered for and used by defendant, Sanders. But the testimony for defendant contradicted the complainant's proof as to this. The decree of the chancellor does not disclose the grounds of his decision, nor has he made a finding of fact. The record presenting a conflict of facts, and the chancellor having found generally for the defendant, and as we are not able to say that he was manifestly wrong in so finding, the suggestion of error will be overruled.

*Overruled.*