## WILLIAMS *v.* WILLIAMS YELLOW PINE CO.

(Division A. Feb. 20, 1933.)

[146 So. 143. No. 30369.]

**H. H. Parker** and **J. M. Morse**, both of Poplarville, for appellant.

804

Hathorn & Williams, of Poplarville, for appellee.

Argued orally by **H. H. Parker** and **J. M. Morse**, for appellant, and by **F. C. Hathorn**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant sued the appellee, a corporation, on a promissory note, and the appeal is from a judgment denying her a recovery thereon and awarding the appellee a judgment over against her on a plea of set-off and counterclaim.

The declaration simply alleges the execution and delivery of the promissory note by the appellee to the appellant for the sum of two thousand seven hundred dollars and interest, and the failure of the appellee to pay it. The appellee filed a plea of the general issue under which it gave notice that it would introduce evidence to prove that, after the execution of the note, the appellee issued to its officers and employees checks for a bonus given them by the appellee, and that the appellant received, under this award, a check for five thousand seven hundred eighty-seven dollars and eighty-six cents, with the understanding and agreement that the note sued on

would be liquidated thereby. It also filed a special plea of set-off and counterclaim, alleging that the bonus paid the appellant was out of the net profits of the corporation, and that one of its by-laws "prohibited such net profits from being paid for any other purpose than that of dividends to the stockholders of said corporation upon a unanimous order of the board of directors of said corporation;" that the bonus paid the appellant was not authorized by unanimous order of the board of directors, was therefore illegally paid, and the appellant was liable therefor; and prayed for a judgment against her for the difference between the amount thereof and the note sued on.

The appellant introduced in evidence the note, which was executed on July 16, 1925, and rested. The appellee then introduced evidence to the effect that, in December, 1925, its stock was owned by five persons, all of whom were directors of the corporation, and that at a meeting during that month all of these stockholders and directors were present except one, who owned one share of stock. At this meeting it was agreed to issue to each of the appellee's officers a bonus check, the net profits of the corporation being more than sufficient therefor; that the money collected on these checks should be thereafter returned either to the corporation or its president, it is not clear which; that the appellant's check should be applied to the liquidation of the note sued on, and the balance remaining thereafter to be returned by her either to the corporation or its president; that she collected this check, but failed to refund the surplus.

No by-law of the corporation was introduced in support of the plea, but a book said to contain the minutes of several meetings of the directors was introduced, and failed to disclose that this bonus was authorized at a meeting of the board of directors. The appellant was one of the stockholders and directors of the corporation, and was a participant in the meeting at which these

bonus checks were authorized. The appellant admitted receiving and collecting the bonus check, but denied that she agreed that it should be applied to the liquidation of the note sued on, or that she agreed to the return of any portion thereof to the appellee; and the books of the corporation disclose that her note continued, after receipt by her of the bonus, to be carried in the bills payable account of the corporation as one of its liabilities.

At the close of the evidence, the appellant requested, but was refused, an instruction directing the jury to return a verdict in her favor. The case was submitted to the jury on instructions permitting it to return a verdict over against the appellant if it believed from the evidence that the appellant agreed to refund the amount of her bonus check in excess of the note sued on, or that the bonus check was issued to her without the unanimous approval of appellees's board of directors.

The appellant's contentions are: First, that the court erred in refusing to direct a verdict in her favor; second, that the allegations of the special plea are not supported by the evidence; and, third, that the pleadings contain no allegation of any claim of the appellee to judgment over on account of any promise made by the appellant to refund any part of the bonus check given her.

1. The first of these contentions is without merit. It is true that the evidence does not disclose an express promise on the part of the appellant that the check given her, which she collected, should be applied by her to the liquidation of the note; but she participated in the meeting of the stockholders and directors which authorized the issuance of the checks. If it was authorized and issued on the conditions disclosed by the appellee's evidence, she assented thereto by receiving and collecting the check.

2. The matters set forth in the appellee's plea of set-off and counterclaim are of an affirmative nature, and the burden of the proof thereof was on it. While the evi-

dence does not disclose that the payment of this bonus could be authorized only by the board of directors, we will assume, for the purpose of the argument, that such is the fact. No charter provision or by-law requiring a written record of the business transacted by the board of directors to be kept was introduced, and, in the absence thereof, such a record was not necessary to the validity of the board's acts, but the same may rest in and be proven by parol. The evidence simply discloses no written record of the authorization of the board of directors of the payment of its bonus check, but non constat it may have been authorized at a meeting of the board without a record thereof being made.

It affirmatively appears that a majority of the members of the board of directors assented to the issuance of this bonus check; and though that fact is disclosed by the evidence of the appellee, and relied on for another purpose, we have left it out of view in this connection, so as not to complicate the case with the question of the validity vel non of acts done by boards of directors at informal meetings when less than the whole membership of the board was present. The appellant's second contention therefore must be sustained.

3. This brings us to the appellant's third contention. The instructions both for the appellant and the appellee deal with the appellee's right to a judgment over, based on the appellee's claim that the appellant agreed to refund the amount of the check in excess of the note sued on; and the appellee's contention in this connection is that its failure to allege such an agreement is cured by the statute of jeofails. As the case must be reversed on the second of appellant's contentions, we will express no opinion on the third, as, in all probability, the defect in the pleading on which it is based may not appear on another trial.

Reversed and remanded.