WILLIAMS YELLOW PINE CO. *v.* WILLIAMS.

(Division B. Jan. 22, 1940.)

[193 So. 1. No. 33919.]

Hathorn & Williams, of Poplarville, for appellant.

**Parker & Morse**, of Poplarville, **Hall & Hall**, of Columbia, and **Grayson B. Keaton**, of Picayune, for appellee.

Argued orally by **E. B. Williams**, for appellant, and by **Lee D. Hall**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

In conformity with the views expressed in the opinion of the Court on the former appeal of this case, which is reported in 166 Miss. 803, 146 So. 143, the appellant, Williams Yellow Pine Company, amended its pleadings on the second trial so as to allege an agreement whereby the appellee, as an employee of said corporation, was paid a bonus of $5,000 on December 1, 1925, with the understanding that the same was to be refunded by a cancellation and surrender of the $2,700 note herein sued on, and which note was executed in her favor by the appellant for a loan on July 16, 1925, and by also paying back to the appellant the difference between the amount of the note and the said bonus; and the appellant also sought to recover judgment over against appellee for this excess, as on the former trial.

Responding to this plea, the appellee denied the alleged agreement and plead the three year statute of limitations, section 2299 of the Code of 1930, in bar of the asserted right of the appellant to recover a judgment for the excess so claimed. To this plea of the statute of limitations, the appellant filed a replication alleging in substance that appellee had frauduently concealed from the appellant corporation the fact that she held its said note for $2,700 as an outstanding obligation in her favor; that she had been able to conceal the existence of this claim of indebtedness from December 1, 1925, until the date of the filing of this suit, by reason of a confidential relationship which she had sustained toward R. J. Williams, the president of the corporation, and whom she married on March 5, 1929. The replication contains several averments of facts and circumstances to support the principal averment of fraudulent concealment of the claim, during the lifetime of the said R. J. Williams, who died on February 27, 1930, shortly prior to the filing of this suit, and some of which averments were stricken out by the court below on motion of the appellee on the theory that the proof in support thereof would only tend to prejudice the rights of the appellee before the jury, and would not aid the jurors in reaching a proper decision of the issues involved. Moreover, the averments of the replication which were not stricken are sufficient in our opinion to present the issue of the alleged fraudulent concealment of the claim; and hence we think that no reversible error was committed in that behalf.

On this issue the proof disclosed that audits of the books of the corporation, made at the instance of its president, covering each of the two years immediately following the execution of the note, carried an item showing the note for $2,700, bearing date of July 16, 1925, as a liability in favor of the appellee; that the bookkeeper discussed these audits on different occasions with the president of the corporation in connection with its then outstanding liabilities, including the entry therein of the

note in question; and that thereafter these audits were treated as part of the records of the corporation. They were objected to by the appellant on the ground that the auditors who made them were not introduced to testify as to their correctness. However, we are of the opinion that testimony as to their correctness was not required as a condition precedent to their admissibility in evidence on the issue as to whether or not the officers of the corporation were advised of this claim, contrary to its plea of fraudulent concealment.

It is urged, however, that one of the audits listed the note of $2,700 bearing date of July 16, 1925, as being a note carrying interest at seven per cent per annum, whereas the note sued on bears eight per cent per annum. This discrepancy was explained by the appellee on the ground that the auditor did not examine the note in her possession and ascertain its interest rate before making the incorrect entry on the audit from the books. The appellant thereupon sought to contradict her in that regard by offering the testimony of the auditor taken on the former trial wherein he had stated that he did call for and examine the note when he made the audit. The court ruled that the testimony of the auditor given on the former trial was not competent for that purpose. No reason was shown as to why the auditor was not introduced by the appellant on the second trial as a witness, if his testimony was desired. Moreover, the proof discloses without dispute that the appellee held only one note of the appellant for that amount and of that date. Under the circumstances, we do not think that it was error to exclude the testimony of a witness given on the former trial, when offered for the purpose of contradicting the appellee on the subsequent trial without the absence of such witness being first accounted for.

The question was clearly presented to the jury under conflicting evidence and proper instructions as to whether or not there had been an agreement whereby the appellee was to refund any part of the bonus paid to her and

cancel the note sued on. In that connection the appellant also made the contention that a $5,000 bonus was likewise paid to each of two other employees of the corporation under the same alleged agreement that the same should be refunded, and we are of the opinion that the jury was warranted in finding from the evidence that these bonuses were not in fact refunded to the corporation, but that the two other employees mentioned actually received the full benefit thereof as a credit on their respective indebtednesses owing to R. J. Williams individually.

After a careful consideration of the numerous errors assigned we have reached the conclusion that the evidence is sufficient to support the verdict, and that no reversible error was committed on the trial. The judgment is therefore affirmed.

Affirmed.