Joseph GALLO, Jr., Appellant,

v.

Hubert R. CROCKER and T. C. Parks, d/b/a Parks Auto Sales and Rubin H. McCrory, Appellees.

No. 20113.

United States Court of Appeals
Fifth Circuit.

Aug. 20, 1963.

K. Hayes Callicutt, Jackson, Miss., Benton R. Gordon, Decatur, Miss., Satterfield, Shell, Williams & Buford, Jackson, Miss., Gordon & Gordon, Decatur, Miss., of counsel, for appellant.

Junior O'Mara, Jackson, Miss., Huff & Williams, Meridian, Miss., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., J. Knox Huff, Jr., Meridian, Miss., of counsel, for T. C. Parks, dba Parks Auto Sales.

Scott Talbert, Houston, Tex., Hubert O. Lipscomb, Jackson, Miss., Lipscomb

& Barksdale, Jackson, Miss., of counsel, for Hubert R. Crocker.

Before TUTTLE, Chief Judge, and RIVES and MOORE,* Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal by the successful plaintiff in a personal injury suit against one of two defendants complaining that the trial court deprived him of the right to have the jury pass on whether there was joint liability by the two named defendants. Appellant obtained a jury verdict, and therefore a judgment, against the defendant McCrory, after the trial court directed the jury that the plaintiff was entitled to a verdict either again McCrory or against Crocker, but not against both of them.

The action followed an automobile accident in which five automobiles were involved, all proceeding westerly on U. S. Highway 80 near Hickory, Mississippi. The lead automobile, which did not figure in the crash, had stopped and was waiting to make a left turn. The second automobile, a 1955 Plymouth, had stopped behind the leading automobile. Gallo, the appellant, was riding as a passenger in the third automobile, a 1957 Volkswagen, which also stopped. Crocker was driving the fourth automobile, an Oldsmobile, and it collided with the Volkswagen. McCrory was driving the fifth automobile, a Studebaker, and it struck the fourth automobile, the Oldsmobile driven by Crocker. The complaint alleged that McCrory was an employee of Parks whom the plaintiff sought to hold on the theory of respondeat superior. The trial court directed a verdict for Parks on the ground that there was not sufficient evidence to submit to the jury on the issue of respondeat superior, it not being inferable from any of the facts testified to that at the time of the injury McCrory was the servant of Parks.

Only two errors are here complained of. The first is that the trial court erred in charging the jury that they might return a verdict against either McCrory or Crocker but not against both. The other is that the court erred in excluding declarations of McCrory and of Mrs. Parks purporting to show that McCrory was the agent, servant and employee of Parks.

■■■ McCrory's statement was not admissible to prove his agency for Parks. See Riechman-Crosby Co. v. Dinwiddie, 117 Miss. 103, 77 So. 906. Mrs. Parks was Parks's bookkeeper and was not shown to have had authority to bind her husband by a statement touching on the relationship between him and McCrory. We therefore affirm the action of the trial court in directing the verdict in favor of Parks. With the foregoing evidence excluded, there was no evidence from which a jury could infer the existence of the relationship of master and servant at the time of the accident.

We next deal with the question whether there was any evidence which warranted submission to the jury of the question whether Crocker and McCrory were jointly responsible for the injury to Gallo. The testimony of McCrory was to the effect that he was following the other four automobiles and he saw the Volkswagen, the second car in front of him, suddenly veer off to the left of the road and go off the highway. While watching it he failed to realized that he was running into the Oldsmobile immediately in front of him and he ran into the rear end of the Oldsmobile. He testified that while he was going some sixty miles an hour, while approximately a hundred feet behind the Oldsmobile, he actually hit the Oldsmobile going at the rate of approximately twenty miles an hour. He testified that the Oldsmobile was stopped or practically stopped when he struck it. On McCrory's theory, of course, since it is perfectly apparent that somebody struck the Volkswagen, the Oldsmobile must have struck it hard enough to knock it off the road before McCrory ever hit the Oldsmobile.

Crocker's story, which was supported by his wife and two children, was that

---

* Of the Second Circuit, sitting by designation.

he had followed the Volkswagen and the other two automobiles in front of him for some distance and that when the Volkswagen came to a stop behind the Plymouth, he also came to a full stop and stood for a few seconds some six feet behind the Volkswagen. At this point, according to this theory of the case, McCrory in his Studebaker ran into the rear end of Crocker's Oldsmobile which pushed him forward into the rear end of the Volkswagen thus causing the Volkswagen to run off the road.

The story told by Gallo and the driver of the Volkswagen in which he was riding was that they had come to a complete stop back of the Plymouth and had sat there a brief time when the Oldsmobile rammed them from the rear and knocked them off the road after they had hit the Plymouth a glancing blow. It was their testimony that the Oldsmobile then continued forward and struck the Plymouth which received substantial damage (Crocker and his family denied that their Oldsmobile struck the Plymouth at all). Gallo's testimony was that he heard only one crash and that he heard tires squealing which he attributed to the Oldsmobile immediately behind him just at the time of the crash.

The driver of the Plymouth, directly in front of the Volkswagen, knew only that he had been struck from the rear and that he had heard only one crash. He did testify that the damage to his car amounted to something like $800.00 at the rear end, very substantial damage to be caused by the small Volkswagen as it struck and passed by and went off the road to the left.

Further significant testimony was that of all of the members of the Crocker family who testified that when the crash occurred they were all thrown forward in their seats. Gallo contends that this is a clear indication that the crash that he heard was that of the Oldsmobile running into the rear end of the Volkswagen, either separate from or simultaneous with the Oldsmobile being struck in the rear by McCrory. His principal contention is that if the Oldsmobile was moving forward, even though pushed from the rear by McCrory, physical laws would explain the fact that when the Oldsmobile struck the Volkswagen the passengers were thrown forward. He argues that if their car had first been struck by McCrory they would have been pushed back into their seats.

In light of the conflicting testimony, we think it quite clear that but for the restrictions imposed on the jury's findings by the order of the trial court, the jury might well have found that the injury to the appellant, Gallo, resulted from the joint negligence of Crocker and McCrory. There is no doubt that the Mississippi Courts recognize the doctrine of joint negligence where concurrent acts of negligence by two parties produce a single indivisible injury. In Mississippi Central Railroad Company v. Roberts, 173 Miss. 487, 160 So. 604, 606, the Mississippi Supreme Court said,

"We have already stated that the facts reasonably interpreted in the light of the verdict disclose a case of concurrent negligence on the part of both defendants, and it has long been the settled substantive law that, in such cases, when the concurrent negligence produces a single, indivisible injury, both the defendant tort-feasors are equally liable for the entire damage sustained."

It is equally true that a jury is not required to accept *in toto* all of the evidence of any single witness. The language of the Mississippi Supreme Court in Morrell Packing Company v. Branning, 155 Miss. 376, 124 So. 356, at 357, is here apposite:

"[1] The appellants contend that this instruction is erroneous, first, because, in the testimony offered by the respective parties, the *appellee claimed that she was not negligent at all*, and that the collision was caused solely by the *negligence of the appellant* Adams; while Adams claimed that he was not negligent, but that the collision was caused solely by the negligence of the ap-

pellee, and consequently there was no room for a finding by the jury that it was caused by the negligence of both of them; * * *."

"* * * The jury was not required to accept, in its entirety, the theory of either party, and *it was its duty to consider all the testimony of the witnesses in the light of the physical facts and the circumstances shown, and to determine therefrom the negligence, if any, of the respective parties.*"

Without in any way suggesting what the jury should actually find in this case, we nevertheless think it plain that by accepting a part of the testimony of the several witnesses the jury would be warranted in finding that the crash into the rear of the Volkswagen by the Oldsmobile car driven by Crocker resulted from the negligence of both Crocker and McCrory. It must be borne in mind that there is much positive testimony by McCrory, largely rejected by the jury, but not necessarily completely rejected by it, to the effect that the Volkswagen had been struck and knocked off the road before he ever struck the rear end of the Oldsmobile. There is also much evidence in the physical exhibits and oral testimony dealing with the nature and extent of the damage to the Plymouth automobile from which the jury could find that Crocker's testimony that he had not struck the rear end of the Plymouth car with his Oldsmobile was not correct. There is evidence that would have warranted the jury in finding that the Oldsmobile not only struck the Volkswagen hard enough to knock it off the road, but then proceeded forward and struck the rear end of the Plymouth in such manner as to cause serious damage both to it and to the front end of the Oldsmobile. If the jury believed this to have been the fact, then it would have been warranted in discrediting that part of Crocker's testimony in which he stated that his car had come to a complete stop. Gallo testified that when he returned from the place where the Volkswagen had stopped, over to the position of the other cars remain-

ing on the highway, Crocker appeared to be in a complete daze. The jury could thus disbelieve the Crocker view of the occurrence following his striking of the Volkswagen without necessarily impugning any improper motive to either Crocker or his family, all of whom were considerably disturbed immediately after the accident.

Of course, if the jury should determine that the Crocker car was in motion at the time it was struck by McCrory then it would be the problem of the jury to determine whether Crocker's action leading up to his striking the Volkswagen would be negligence on the part of Crocker contributing to the injury that occurred when, if they made such a finding, the joint impetus of the Studebaker and the Oldsmobile knocked the Volkswagen off the road.

The jury has already made its findings of fact as to the extent of the injuries of the appellant. Such matters should not therefore be open for further investigation since both McCrory and Crocker were parties to the litigation in which this finding was made.

 In light of what we have said it is clear that the appellant is entitled to have a partial new trial, that is, a trial dealing with the one issue of whether the injury received by him was caused by the concurrent negligence of McCrory and Crocker. While the grant of a partial new trial is unusual, it is permitted under the Rules. See Rule 59(a), F.R. Civ.P., "A new trial may be granted to all or any of the parties and on all *or part of* the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; * * *." See Indamer Corporation v. Crandon, 5 Cir., 217 F.2d 391.

The judgment of the trial court in favor of Parks is affirmed. The judgment of the trial court to the effect that Gallo's damages are $7500.00 is affirmed. The judgment in favor of Crocker is set aside and the case is remanded to the trial court for a partial new trial. Such

trial will be restricted to the question whether McCrory and Crocker are jointly liable.

Affirmed in part and reversed in part and remanded.