Forrest County Cooperative Association (AAL) *v.*
McCaffrey, et al., D.B.A. McCaffrey's Food Store

No. 43442 June 14, 1965 176 So. 2d 287

*William V. Murry,* Hattiesburg, for appellant and cross-appellee.

488

*Edward J. Currie, Sr., Dudley W. Conner,* Hatties-burg, for appellee and cross-appellant.

ETHRIDGE, P. J.

This suit on an open account was filed in the Chancery Court of Forrest County by Forrest County Cooperative Association (AAL), appellant, against Charles N. and J. F. McCaffrey, Sr., doing business as McCaffrey's Food Store (called McCaffrey). The association was the assignee of this account from V. W. and Belle W. Davis, doing business as Davis Poultry Company, assignors. McCaffrey pleaded a setoff, asserting that one John D. Mills, delivery man for Davis, converted $7,000 worth of chickens while in the scope of his employment for Davis, and that therefore McCaffrey owed nothing on the account sued on; and further, that Davis subsequently agreed to stand good for the merchandise Mills converted. After a lengthy hearing, the chancery court held that the association purchased the accounts for a valuable consideration, and had the right to recover a personal judgment against defendants for $3,298.33. However, it decided that, since Mills admitted he stole the poultry at the time he was employed by Davis, and Davis subsequently agreed to stand good for the stolen merchandise, "in all equity and good conscience no execution should issue on this decree" until McCaffrey recovered on a prior judgment he obtained against Mills.

On direct appeal, the association complains about the stay of execution on its judgment. On cross-appeal, McCaffrey asserts the court erred in rendering a monetary decree against him. We hold that the evidence justified rendition of the decree for the association, but reverse on direct appeal to the extent that a stay of execution was allowed on it, and hold this was improper. The case is affirmed on the cross-appeal of McCaffrey, since he failed to prove the setoff.

 ██ For twenty years V. W. and Belle W. Davis did business as Davis Poultry Company, in the Town of Petal in Forrest County. They purchased live chickens from the association, and after processing them in their plant, sold them to retail outlets, some of which were owned by McCaffrey in Hattiesburg, Gulfport and Columbia. The Davis Poultry Company went out of business in May 1962, and assigned its accounts to the association in payment of debts. This action was filed in chancery court, seeking recovery on open accounts for processed chickens delivered to the Columbia store of McCaffrey, in the sum of $3,298.33. The bill was sworn to by an officer of assignee, but on the trial one of the assignors, Mrs. Davis, testified to the correctness of the account. Paragraphs 3 through 13 of the bill charged specific sales to McCaffrey on named dates in particular amounts, and the receipt and signing of invoices by employees of McCaffrey. Defendants' answer neither admitted nor denied the allegations of these paragraphs, but stated they had no knowledge upon which to form a belief as to who received and signed the invoices, and therefore called upon the complainant "to make strict proof thereof." It is relevant to observe that this answer is not a sufficient denial of the allegations of the bill, because a defendant is obligated at least to deny on information and belief. Griffith, Mississippi Chancery Practice § 351 (1950).

Defendants further answered that John B. Mills had been an employee of Davis, the assignors, and delivered poultry products to defendants; that during the period of 1960 to March 1, 1962 he converted to his own use by failing to deliver defendants $7000 worth of chickens. However, the defendants asserted that they were "unable to furnish an itemized statement of the chickens so converted" by Mills while acting as agent of Davis, because Mills was the only person known by defendants who had actual knowledge of the dates, quantities and

value of the chickens so converted. Defendants said that Mills had admitted voluntarily that he converted that amount of chickens. So pleading in the nature of a setoff, defendants denied they owed the account sued upon.

At the trial, Mrs. Davis, one of assignors, testified; and the original invoices representing deliveries by Davis to McCaffrey, signed by employees of McCaffrey, were introduced in evidence. McCaffrey did not deny the correctness of the account, except by his testimony that Mills had confessed to him that he had converted or stolen $7000 worth of chickens consigned to McCaffrey. Appellant's objection to this evidence was overruled. Also over objection of appellant, the trial court made a part of this record the entire three volume record in a prior suit between McCaffrey and John B. Mills and wife. It was not shown that Mills was unavailable to testify.

This earlier suit was McCaffrey v. Mills, 250 Miss. 649, 167 So. 2d 816, which was two consolidated actions from the chancery court, involving a note and deed of trust allegedly executed by Mills and his wife to McCaffery, Sr. The Mills brought an action to cancel the note and deed of trust on the ground that Mrs. Mills had not executed it, and Mr. Mills had done so under duress and coercion. McCaffrey filed an action to foreclose the deed of trust. These were consolidated, and this court affirmed the decree of the chancery court that Mills executed and owed the $7000 note to McCaffrey, Sr. for stolen chickens, but that Mrs. Mills had not signed the note and deed of trust and was not obligated on them. Neither Davis nor the association was a party to this prior suit. The lengthy record in that case included extensive testimony by McCaffrey as to a confession made to him by Mills about stealing or converting the chickens while delivering to McCaffrey for Davis, and a tape recording of such confession. Appellant objected to incorporating

in the present record that of the prior case, including the confession of Mills and McCaffrey's testimony concerning it.

■■■ It was error to admit in evidence McCaffrey's testimony in the present case about Mills' confession to him, and the record of the former case containing Mills' confession and McCaffrey's testimony therein concerning it. It was not shown that Mills was unavailable to testify. ■■■ A declaration against interest must be against the pecuniary or proprietary interest of the declarant, and the declarant must be unavailable to testify. McCormick, Evidence §§ 253, 257 (1954).

■■■ Appellant proved its right to recover on the open account by practically undisputed evidence. The trial court correctly awarded judgment for appellant on it.

The evidence offered by appellees was insufficient to sustain their plea in the nature of a setoff, and apparently the chancery court so found, since it rendered a decree in favor of complainant on the account. Appellees failed to offer any evidence setting forth distinctly the nature and several items of the setoff, and any records pertaining to them. There is no requisite definiteness in the time, amount or nature. The only evidence is McCaffrey's uncorroborated statements that $7,000 was taken by Mills, and his testimony and that in the record of the prior case, improperly admitted, asserting the same. In short, there is not sufficient proof of a setoff, even assuming Mills stole or converted the chickens while in the scope of his employment. Griffith, Mississippi Chancery Practice §§ 518-521 (1950); Miss. Code Ann. §§ 1412, 1481 (1956).

■■■ It is well settled that an agent's admissions out of court are not competent to show the fact of his agency. Cosmopolitan Ins. Co. v. Capitol Trailer & Body, Inc., 244 Miss. 607, 145 So. 2d 450 (1962); Walters v. Stonewall Cotton Mills, 136 Miss. 361, 101 So. 495 (1924);

Riechman-Crosby v. Dinwiddie, 117 Miss. 103, 77 So. 906 (1918). Nor is there sufficient evidence otherwise to show that Mills was acting within the scope of his employment when he stole the chickens. 1 Restatement of Agency § 235 (2d ed. 1958) summarizes the general rule:

> An act of a servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed.

Seavey, Law of Agency, section 87 (1964) states the applicable rule in this way:

> Conduct of a servant is within the scope of his employment if it is not a serious departure from authorized conduct in manner or space, is actuated in part by a motive to serve the master, and, as to the intentional use of force, not unexpectable.

Although the master's liability is expanding, "it is still true that an act done from a purely personal motive or one for which the employment furnishes only the opportunity, is not in the scope of employment, unless it is a violation of a duty owed by the master to the person harmed." *Id.* § 89. On the limited, competent evidence in this case, to hold that Mills was the agent of Davis and in the scope of his employment when he stole the chickens would be extending beyond a reasonable point the doctrine pertaining to cases where the agent's position enables him to deceive. *Id.* § 92E. Singer Sewing Machine Co. v. Stockton, 171 Miss. 209, 157 So. 366 (1934), represents an extended application of that doctrine. The Court in its opinion recognized it was a difficult and attenuated case.

 ■ The chancery court relied upon McCaffrey's testimony that Davis agreed to pay for the debt, default, or miscarriage of Mills. Aside from the indefiniteness of appellee's testimony on this point, and the fact that it did not constitute an outright promise to pay for a

consideration, such promise, if made, falls squarely within the statute of frauds. Miss. Code Ann. § 264 (1956). Accordingly, there is no merit in the cross-appeal of McCaffrey.

■■■ On the direct appeal of the association, the chancery court erred in staying execution of the decree rendered in its favor against McCaffrey. Since the evidence on set-off was insufficient, there was no factual basis for a stay of execution. *Cf.* Bettman-Dunlap Co. v. Gertz, 149 Miss. 892, 116 So. 299 (1928).

On the association's direct appeal, the decree is reversed in part, insofar as it stayed execution on the money decree awarded appellant. On the cross-appeal the case is affirmed.

Reversed in part and judgment rendered for appellant on direct appeal; on cross-appeal affirmed.

All Justices concur, except *Brady, J.,* who took no part.