247 So.2d 705 (1971)
Clayton H. SMITH, Bernard Merritt and United States Fidelity & Guaranty Co.
v.
STATE of Mississippi for Use and Benefit of Ralph HICKS.
No. 46216.
Supreme Court of Mississippi.
May 3, 1971.
W.S. Murphy, Lucedale, Horton Hillman, Leakesville, for appellants.
Holleman & Necaise, Norman Breland, Gulfport, for appellee.
HARPER, Justice:
The appellee obtained a judgment in the Circuit Court of Greene County in the sum of $4,000 for injuries resulting from being shot by deputy sheriff, Bernard Merritt. This is the second appearance of this case *706 in this Court. Smith v. Hicks, 201 So.2d 35 (Miss. 1967).
The basic facts are set forth in the first opinion, and no good purpose would be served in restating the facts in detail.
Suffice it to say that the plaintiff brought suit for actual and punitive damages against the sheriff, his official bondsman, United States Fidelity and Guaranty Company, and the deputy sheriff, which resulted in a joint and several judgment against the defendants in the sum above mentioned for actual damages. The court instructed the jury that the facts did not warrant their consideration of punitive damages.
The appellants make seven assignments of error. Three of the assignments of error are determinative of this appeal, and, therefore, the other assignments of error are not considered.
Over the objections of the appellants, the circuit court allowed the appellee to read to the jury on the second trial of the case the testimony of Hugh "Sonny" McInnis which had been given on the first trial.
The action of the trial court in allowing such to be done is reversible error. Section 1749, Mississippi Code 1942 Annotated (1956) authorizes the introduction of the testimony of a witness who had previously testified in a civil suit at law or equity in prescribed circumstances. In the trial of any case where the testimony has been taken and transcribed by the official reporter of the court in which the case was tried, such transcribed testimony is admissible only when such witness giving the testimony has become mentally or physically incompetent and incapable of testifying on a retrial of the case, or is dead.
The proof in this record disclosed that Hugh "Sonny" McInnis was a resident of Atlanta, Georgia, and was neither mentally nor physically incompetent to testify and was living at the time of the second trial. Mere absence from the jurisdiction of the court, as was evident in this cause, does not meet the test provided by the statute. Compare the cases of Forrest County Cooperative Association (AAL) v. McCaffrey, Sr., d/b/a McCaffrey's Food Store, 253 Miss. 486, 176 So.2d 287 (1965) and Williams Yellow Pine Co. v. Williams, 187 Miss. 425, 193 So. 1 (1940).
We therefore hold that it was error for the circuit court to permit the introduction of the testimony of Hugh "Sonny" McInnis in evidence on the second trial of this cause over the objections of appellants in view of the express provisions of Section 1749, supra.
Inasmuch as this case will be remanded to the lower court for a new trial on the merits, we believe it proper to comment upon two of the instructions either granted or refused by the court.
The third assignment of error by the appellants was that instruction number 2 granted appellee was a peremptory instruction.
Appellee's instruction number 2 was as follows:
The Court instructs the jury for the plaintiff at the time the plaintiff was shot by the defendant, Bernard Merritt, Bernard Merritt was a duly appointed and qualified deputy sheriff of Greene County acting within the scope of his employment, and that under the law of the State of Mississippi his actions under such circumstances are the actions of the sheriff, Clayton Smith, and he is responsible therefor.
The Court is of the opinion that the foregoing instruction was a peremptory instruction to the jury to the effect that the appellant, Bernard Merritt, was acting within the scope of his employment as deputy sheriff and that his actions were the actions of the sheriff, Clayton Smith. This is a clear invasion of the province of the jury especially in view of the conflict in the testimony of Merritt and McInnis. The determination of whether Merritt was *707 acting under color or by virtue of his office, in his official position with it, or whether his action was personal or private on the occasion complained of were facts to be found by the jury under the conflicting evidence. See Miller Transporters, Ltd. v. Espey, 253 Miss. 439, 176 So.2d 249 (1965).
In like manner, appellants complain of the refusal of instruction number 11 as requested by appellants, Smith and United States Fidelity and Guaranty Company.
This instruction reads as follows:
The Court instructs the jury for the defendants, Clayton Smith and United States Fidelity and Guaranty Company, that if you believe from a preponderance of the evidence, if any, that at the time when the plaintiff, W. Ralph Hicks, was injured, the defendant, Bernard Merritt, was not about any official duty as a deputy sheriff and was not acting under color of the office of the Sheriff of Greene County and you further believe from a preponderance of the evidence, if any, that the fight between Hugh "Sonny" McInnis and Barnard Merritt was a personal matter, then you cannot return a verdict against the defendants, Clayton Smith and United States Fidelity and Guaranty Company and your verdict should be for the said Clayton Smith and United States Fidelity and Guaranty Company.
We hold that the named appellants had, as a matter of law, the right to have this issue of fact submitted to the jury as to whether Merritt's acts were personal or private or done under the color or by virtue of the office of the sheriff.
For the reasons hereinabove stated, the judgment of the lower court is reversed and the cause remanded for a new trial on the merits.
Reversed and remanded.
ETHRIDGE, C.J., and RODGERS, BRADY and SMITH, JJ., concur.