338 So.2d 991 (1976)
Effie J. POOLE
v.
Lewis Q. BRUNT, Sheriff, and United States Fidelity & Guaranty Company.
No. 48645.
Supreme Court of Mississippi.
October 12, 1976.
*992 Luckett, Luckett & Thompson, W.O. Luckett, Jr., Clarksdale, for appellant.
Caldwell & Lewis, Ben M. Caldwell, Marks, Watkins & Eager, Thomas H. Watkins, Jackson, for appellees.

On Petition For Rehearing
The former opinion in this case is withdrawn and the following is substituted as the opinion of the Court.

Part I.
LEE, Justice, for the Court:
The Circuit Court of Quitman County, Mississippi, sustained a demurrer to the third amended declaration of Mrs. Effie J. Poole, filed individually and in the name of the State of Mississippi, for her use and benefit, against Sheriff Lewis Q. Brunt and United States Fidelity & Guaranty Company, surety on his official bond. She declined to plead further and appeals here. We reverse.
The suit was for personal injuries sustained by appellant resulting from a collision between an automobile driven by her and an automobile of the sheriff's department driven by Thomas O. Bonner, Jr., Sheriff Brunt's deputy. Appellees admit that the declaration would be sufficient to state a cause of action, except that as against appellees it failed to do so for the reason that Deputy Bonner could not have been performing an official act, or enforcing the law, or acting under color of his office while driving the vehicle.
Appellant charged in the declaration that at the time of the collision on November 20, 1973, (1) Deputy Bonner was an employee and representative of Sheriff Brunt, and was acting officially in the course and scope of his employment with the sheriff; (2) he had been furnished the use of the vehicle driven by him as a condition of his employment; (3) Bonner was exercising the duties and functions of a deputy sheriff and was in the discharge of official duty; (4) he was driving the vehicle in a southerly direction on Mississippi Highway No. 3, and it was equipped with seven blue emergency lights which were either flashing or revolving; (5) an electronic siren on the vehicle was sounding at the time;[1] (6) Bonner was not acting in his own behalf as a private citizen, but was acting within the general scope of his authority; (7) he was dispatched on this official duty by the Sheriff's Office of Quitman County, not as an individual, but as an officer; (8) Bonner was operating under color or by virtue of his office at the time of the collision; and (9) it was raining and Bonner, driving the vehicle at a highly excessive rate of speed, ran head-on into appellant's car in its proper northbound lane of travel, resulting in serious injuries to her (appellant's eleven-year-old daughter was killed in the collision).
Sheriff Brunt's official bond in the sum of fifteen thousand dollars ($15,000.00) *993 was made an exhibit to the declaration, the condition of which provided: "The condition of this obligation is such that if the principal shall well and faithfully perform the duties of said office, then this obligation shall be void, otherwise, to remain in full force and effect."
The sole question presented here is whether or not the allegations of the declaration, which must be taken as true, sufficiently charged that Bonner was acting by virtue of his office or under color of his office and within the scope of his official position as deputy sheriff.
We find no reported cases in Mississippi involving the liability of a sheriff and the surety on his official bond for the negligent acts of a deputy in the operation of an automobile, and the case is one of first impression in this state. Most of the cases in Mississippi deal with liability for the acts of a deputy in assaulting, shooting or killing an individual.
Appellees rely upon the case of State, For the Use of Dew v. Lightcap, et al., 181 Miss. 893, 179 So. 880 (1938). In Dew, this Court held that a sheriff and surety on his official bond were not liable for injuries sustained when the deputy allegedly shot plaintiff, who insisted on being present while the deputy talked to a third person, and where the deputy had no arrest warrant, and there were no circumstances permitting an arrest without a warrant. The Court further held that the deputy was neither acting by virtue of his office, nor under color of his office.
In Bearry v. Stringfellow, 246 Miss. 123, 149 So.2d 500 (1963), the declaration simply charged that W.D. Bearry was Sheriff of George County, that Smith was his duly-appointed deputy, acting as his agent and employee within the course and scope of his agency and position as a member of the sheriff's office, and that he wrongfully shot and killed Stringfellow. This Court held that the sheriff and deputy were not entitled to a peremptory instruction and judgment for twenty-five thousand dollars ($25,000.00) was affirmed. In its sequel, United States Fidelity & Guaranty Co. v. State, For the Use of Stringfellow, et al., 254 Miss. 812, 182 So.2d 919 (1966), which was a suit to collect the judgment from the surety on the sheriff's official bond, the Court said: "We have held that the Sheriff's bond is liable for the acts of a deputy sheriff acting within the scope of his authority." 254 Miss. at 817, 182 So.2d at 922.
In Smith v. State, For the Use and Benefit of Hicks, 247 So.2d 705 (Miss. 1971), Deputy Sheriff Merritt shot Hicks, a person unknown to him, as Hicks approached the deputy and a certain McInnis, who were engaged in an altercation. The Court said:
"The determination of whether Merritt was acting under color or by virtue of his office, in his official position with it, or whether his action was personal or private on the occasion complained of were facts to be found by the jury under the conflicting evidence." 247 So.2d at 706-707.
Decisions of other states are not in harmony on this question, and a discussion of them may be found at page 1189, et seq., 15 A.L.R.3d (1967). Some support the conclusion that if an accident occurs while a deputy is on the way to or from an exact spot where an official duty was, or is to be, performed, negligence in operating his vehicle is not in an official capacity. Other decisions support the contrary conclusion. Appellees contend that the first view is the sounder and is followed by the Dew case, supra.
In Duran v. Mission Mortuary, 174 Kan. 565, 258 P.2d 241 (1953), the Kansas court affirmed a judgment against a sheriff for the death of one, and injuries to a second, passenger in an ambulance which was struck by a sheriff's patrol car driven by a deputy sheriff. The deputy was, at the time of the accident, on an emergency call to investigate an accident, news of which he *994 had received by radio a few minutes before the collision. The court ruled that, under the evidence, the deputy was acting in an official capacity while transporting himself between two places in the performance of his official duties, and that whatever he was doing at the critical time was being done, not as an individual, but as an officer acting by virtue, and under color, of his office.
Judgment against a sheriff and the surety on his official bond for injuries suffered in an automobile collision, one of the vehicles being a county car driven by a deputy sheriff, was affirmed in Hanratty v. Godfrey, 44 Ohio App. 360, 184 N.E. 842 (1932). After referring to a statute providing that a sheriff is responsible for neglect of official duty by his deputies, the Ohio court held that where an official duty was to be performed, and when the sheriff placed an automobile at ths disposal of his deputy, as an instrumentality to be used by him in the performance of such duty, and the latter used such instrumentality unlawfully so that it injured the plaintiff in the course of such use, there was official misconduct within the meaning of the statute.
Section 19-25-19, Mississippi Code Annotated (1972), provides that "... All sheriffs shall be liable for the acts of their deputies, and for money collected by them... ." An automobile is as necessary and essential to the operation of a sheriff's office and in performing the duties thereof as a gun, uniform, badge, handcuffs and other equipment. Without it, there could be no efficient discharge of such duties. We hold that when a deputy sheriff negligently uses such an instrumentality (automobile) furnished him for official use and used by virtue of or under color of his office, or in his official position as deputy sheriff, then the sheriff is liable to a person injured as a proximate result thereof.
In considering whether a demurrer to a declaration should be sustained, all facts alleged, together with those facts which are reasonably or necessarily implied from the facts so stated, must be considered as true. If the declaration contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient and no other pleadings will be considered. Kitchens v. Barlow, 250 Miss. 121, 164 So.2d 745 (1964); North Carolina Mutual Life Ins. Co. v. Green, 186 Miss. 377, 188 So. 556 (1939); Conroy v. Breland, 185 Miss. 787, 189 So. 814 (1939); Ross v. Louisville & N.R. Co., 178 Miss. 69, 172 So. 752 (1937).
In applying that principle to the declaration before us, we are of the opinion that it states a cause of action against the sheriff, that the trial judge erred in sustaining the demurrer and in dismissing the declaration, and the case must be, and it is reversed and remanded for a trial on the merits. Presiding Justice Patterson and Justices Sugg, Walker and Broom concur with Part I. Chief Justice Gillespie, Presiding Justice Inzer and Justices Smith and Robertson dissent as to Part I.

Part II.
GILLESPIE, Chief Justice, for the Court:
The bond on which suit was brought in this case is required by Mississippi Code Annotated section 19-25-1 (1972), and is conditioned as provided by the general statute covering public officers, section 25-1-15, the condition being "if he shall faithfully perform all the duties of said office during his continuance therein, then the obligation to be void." This bond is conditioned that the sheriff will "faithfully discharge the duties of the office." In the same chapter on sheriffs requiring the fidelity bond, the Code provides in section 19-25-13 that "[t]he budget [sheriff's] shall include amounts for compensating the deputies and other employees of the sheriff's office for insurance providing protection for the sheriff and his deputies in case of disability, death, and other similar coverage, for travel and transportation expenses of the sheriff and his deputies... ."
*995 It was not intended by the Legislature that this bond was to serve as an automobile liability policy, else it would not have provided in another section that the budget of the sheriff "shall include amounts for insurance protection of the sheriff and his deputies."
Nearly all officials, local and state, take the same constitutional oath to faithfully perform the duties of their office and most are required to furnish bonds conditioned the same as that of the sheriff. If the surety on the sheriff's bond is to be liable, then all other public officials' bonds would logically be held to be liable for the negligent acts of a subordinate driving the official car or a publicly owned vehicle on official business.
In discussing the liability of a sheriff's surety for the acts of the sheriff's subordinates, the annotation, supra, states:
Generally speaking, even though a sheriff is personally liable for an act of his deputy, it does not necessarily follow that his bondsman is also liable. The latter's liability is, of course, limited by the language of the bond, and if such language cannot be construed to impose liability on the surety in the situation where the principal is successfuly sued for the acts of a subordinate, the surety will escape. 15 A.L.R.3d at 1201.
The statute makes it mandatory that the budget of the sheriff shall provide insurance protection to the sheriff and his deputies. This protection obviously runs in favor of the injured person. This being so, there is no valid reason for making the sheriff's bondsmen to be liable for automobile accident liability.
There has not been any previous case in this State, holding that the surety on a sheriff's bond (which merely requires that the sheriff faithfully execute the laws) is liable for negligent acts which are committed by a deputy sheriff while he is on his way to investigate or to perform a law enforcement function. It follows that construction of the bond to make the surety liable in automobile accident cases would be an unconstitutional impairment of the plain words of the contract the surety entered into when writing the bond.
We therefore hold that as to the United States Fidelity and Guaranty Company, the trial court properly sustained the demurrer.
Our decision in holding that the surety bond is not an automobile liability policy seems to be in accord with the weight of authority in the country. Gray v. DeBretton, 192 La. 628, 188 So. 722 (1939); Aetna Casualty & Surety Co. v. Clark, 136 Tex. 238, 150 S.W.2d 78 (1941).
To read into the bond liability for the operation of an automobile enlarges the liability to an extent not heretofore recognized and without any words in the bond itself providing for such liability. This Court held in Wisconsin Lumber Co. v. State, 97 Miss. 571, 54 So. 247 (1911), that a contract cannot be impaired either by subsequent legislation "or decision of its courts altering the construction of the law."
The case is reversed and remanded for a trial against the defendant, Lewis Q. Brunt, and is affirmed as to United States Fidelity & Guaranty Company. Presiding Justice Inzer and Justices Smith, Robertson, and Sugg concur as to Part II of this opinion. Presiding Justice Patterson and Justices Walker, Broom, and Lee dissent as to Part II of this opinion.
REVERSED IN PART; AFFIRMED IN PART, AND REMANDED.
PATTERSON, P.J., and SUGG, WALKER and BROOM, JJ., concur with Part I.
GILLESPIE, C.J., INZER, P.J., and SMITH and ROBERTSON, JJ., dissent.
INZER, P.J., and SMITH, ROBERTSON and SUGG, JJ., concur with Part II.
*996 PATTERSON, P.J., and WALKER, BROOM and LEE, JJ., dissent as to Part II.
NOTES
[1] "(2) Any authorized emergency vehicle may be equipped with a siren, whistle, or bell, capable of emitting sound audible under normal conditions from a distance of not less than five hundred feet and of a type approved by the department. No such siren shall be used except when such vehicle is opperated in response to an emergency call or in the immediate pursuit of an actual or suspected violator of the law, in which said latter events the driver of such vehicle shall sound such siren when necessary to warn pedestrians and other drivers of the approach thereof." Miss. Code Ann. § 63-7-65(2) (1972).