ROBERTSON, Presiding Justice, for the Court:
The Circuit Court of the First District of Chickasaw County, Mississippi, sustained the general demurrer of the defendants, Arthur Lee Doss, deputy sheriff, and William Leon Davis, sheriff of Chickasaw County, to the declaration of plaintiff, James 0. Barr.
Declining to plead further, Plaintiff Barr appeals, assigning as error the sustaining of defendants’ demurrer.
Barr alleged in his declaration that on August 17, 1977, he was a passenger in his 1974 Ford car, which was being driven by his wife, Alise, in a northerly direction on Mississippi Highway 45 Alternate; that as they approached the intersection of highway 45 with Egypt Road, which runs east and west, Defendant Doss, going in an easterly direction, crossed the intersection without observing the red stop light facing him; that Doss was on official business of Defendant William Leon Davis, sheriff of Chickasaw County, and that Doss was also acting within the scope of his employment as a deputy sheriff of Chickasaw County.
Plaintiff Barr further charged that Deputy Sheriff Doss:
“[D]id negligently and recklessly operate said automobile, said automobile being owned by the County of Chickasaw, Mississippi, and provided to the Sheriff’s Department thereof, ...”
Barr alleged that he sustained damages to his car and personal injuries as a direct and proximate result of Doss’s negligence while on official business for the sheriff and while acting within the scope of his employment as deputy sheriff.
The circuit court erred in sustaining defendants’ general demurrer to plaintiff’s declaration.
In Poole v. Brunt, 338 So.2d 991 (Miss.1976), we held that the Circuit Court of Quitman County erroneously sustained the demurrer of Defendant, Sheriff Lewis Q. Brunt of Quitman County, to the declaration of plaintiff, Mrs. Effie Poole. In Poole, this Court decided that Sheriff Brunt would be liable for the negligent driving of his deputy sheriff while on official business for his employer where his negligent driving was the proximate cause of an automobile collision causing personal injuries to the plaintiff.
In Poole, we quoted with approval from Smith v. State, For the Use and Benefit of Hicks, 247 So.2d 705 (Miss.1971), as follows:
“ ‘The determination of whether [Deputy Sheriff] Merritt was acting under color or by virtue of his office, in his official position with it, or whether his action was personal or private on the occasion complained of were facts to be found by the jury under the conflicting evidence.’ 247 So.2d at 706-707.” 338 So.2d at 993.
If Defendant Doss were on personal business he would be individually liable; if on official business for his employer, Sheriff Davis, then Davis also would be liable, if Doss’ negligence was the proximate cause of the collision.
The order of the trial court is reversed and this cause remanded for a trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.