**Jackie KNIGHT, Plaintiff,**

v.

**NEWTON COUNTY, MISSISSIPPI, Defendant/Third Party Plaintiff,**

v.

**Marion A. (Bud) MILES and United States Fidelity & Guaranty Company (USF & G) for the Use and Benefit of the State of Mississippi, Third Party Defendants.**

**Civ. A. No. E92–0010(L)(C).**

United States District Court, S.D. Mississippi, E.D.

Sept. 23, 1992.

P. Scott Phillips, Williams & Glover, Meridian, Miss., for Knight.

Robert M. Logan, Newton, Miss., Martha L. Perkins, Ott Purdy & Scott, Jackson, Miss., for USF & G.

William J. Gunn, Williams Gunn & Crenshaw, Meridian, Miss., for Miles.

MEMORANDUM OPINION
AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of third-party defendant United States Fidelity & Guaranty Company (USF & G) to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint of defendant/third-party plaintiff Newton County, Mississippi. Newton County has responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties in ruling on the motion. For the reasons that follow, the court is of the opinion that USF & G's motion is well taken and should be granted.

## FACTS

Jackie Knight, a former deputy sheriff with the Newton County Sheriff's Department, brought this action against Newton County to recover unpaid overtime compensation allegedly due under the Fair Labor Standards Act of 1938. Newton County thereafter filed a third-party complaint against Marion A. (Bud) Miles, the sheriff of Newton County at the time of Knight's employment as a deputy sheriff, and USF & G, the surety which issued Miles' public official's bond.[1] According to the third-party complaint, Miles, as Knight's former employer, "was responsible for the proper keeping of personnel and payroll records and supervision of his personnel so that his office would comply with the provisions of the Fair Labor Standards Act. . . ." Newton County therefore alleges that since USF & G was the surety under Miles' public official's bond, USF & G is liable to Newton County for any judgment awarded to Knight for the payment of unpaid overtime compensation under the Fair Labor Standards Act of 1938.

## DISCUSSION

In considering USF & G's Rule 12(b)(6) motion to dismiss, this court is necessarily mindful of the fact that it must construe the third-party complaint in the light most favorable to Newton County, and in so doing, must accept the allegations contained in the complaint as true. *See Mitchell v. McBride*, 944 F.2d 229, 230 (5th Cir. 1991). Only if it appears to a certainty that Newton County would not be entitled to recover under any set of facts which could be proved in support of its claim can this court dismiss the third-party complaint against USF & G for failure to state a claim upon which relief can be granted. *See Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266, 270 (5th Cir. 1979). Of course, in assessing the allegations of Newton County's state law claim in light of USF & G's motion to dismiss, this court is *Erie*-bound to apply the law as

"declared by [the Mississippi] Legislature in a statute or by its highest court." *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Thus, if the Mississippi Supreme Court has rendered a decision on point, this court must apply that decision to the case *sub judice*.

USF & G contends, and the court agrees, that the Mississippi Supreme Court decision in *Poole v. Brunt*, 338 So.2d 991 (Miss. 1976) (*Poole I*), is controlling in this case. In *Poole I*, plaintiff brought a personal injury action against the sheriff of Quitman County, Mississippi and USF & G, the surety on the sheriff's public official's bond. *Id.* at 992. Plaintiff sought to recover against both defendants damages she sustained in an automobile accident allegedly caused by a deputy sheriff while driving a department vehicle. *Id.* With respect to plaintiff's claim against the sheriff, the court determined that the sheriff could be held personally liable for the negligent acts of his deputies. *Id.* at 994. However, the court further held that plaintiff could not assert a claim against USF & G as surety on the sheriff's bond since the Mississippi Legislature did not intend for the sheriff's bond to serve as an automobile accident liability policy. *Id.* at 994–95. In so holding, the court reasoned:

> The bond on which suit was brought in this case is required by Mississippi Code Annotated section 19–25–1 (1972), and is conditioned as provided by the general statute covering public officers, section 25–1–15, the condition being "if he shall faithfully perform all the duties of said office during his continuance therein, then the obligation to be void." This bond is conditioned that the sheriff "will faithfully discharge the duties of the office." In the same chapter on sheriffs requiring the fidelity bond, the Code provides in section 19–25–13 that "the budget [sheriff's] shall include amounts for compensating the deputies and other em-

---

1. Under Mississippi law, the issuance of a public official's bond is controlled by statute. Pursuant to Miss.Code Ann. §§ 19–25–1, –5 (Supp. 1992), each person who is elected to the office of sheriff is required to give a surety bond before taking office. The terms and conditions of the public official's bond are established by Miss.Code Ann. § 21–1–15 (1972).

ployees of the sheriff's office, for insurance providing protection for the sheriff and his deputies in case of disability, death, and other similar coverage, for travel and transportation expenses of the sheriff and his deputies...."

*It was not intended by the Legislature that this bond [public official's] was to serve as an automobile liability policy, else it would not have provided in another section that the budget of the sheriff "shall include amounts for insurance protection of the sheriff and his deputies."*

. . . . .

*The statute makes it mandatory that the budget of the sheriff shall provide insurance protection to the sheriff and his deputies. This protection obviously runs in favor of the injured person. This being so, there is no valid reason for making the sheriff's bondsmen to be liable for automobile accident liability.*

*Id.* (emphasis added).

■ In the case at bar, Newton County asserts that USF & G should be held liable under Sheriff Miles' public official's bond for the payment of compensation to a former Newton County deputy. Just as did the plaintiff in *Poole I*, Newton County thus seeks to place liability on the surety for something specifically provided for in Miss.Code Ann. § 19–25–13.[2] In applying *Poole I* to the instant case, the court concludes that the Mississippi Legislature did not intend that the sheriff's bond serve as a source of compensation for deputy sheriffs, else it would not have provided in Miss.Code Ann. § 19–25–13 that the budget of the sheriff "shall include amounts for compensating the deputies." *Id.* at 994–95. The court is therefore of the opinion that *Poole I* dictates that Newton County's third-party action be dismissed as not being properly actionable pursuant to the bond issued by USF & G.

As was *Poole I*, the instant case is one of first impression. The court in *Poole I* recognized that "most of the cases in Missis-

sippi [pertaining to sheriff's public official's bonds] deal with liability for the acts of a deputy in assaulting, shooting or killing an individual," i.e., law enforcement functions. *Poole I*, 338 So.2d at 993–95. Thus, with respect to the precise issue presented in *Poole I*—the surety's liability for an act not committed in the performance of a law enforcement function—the *Poole I* court opined:

There has not been any previous case in this State, holding that the surety on a sheriff's bond (which merely requires that the sheriff faithfully execute the laws) is liable for negligent acts which are committed by a deputy sheriff while he is on his way to investigate or to perform a law enforcement function. It follows that construction of the bond to make the surety liable in automobile accident cases would be an unconstitutional impairment of the plain words of the contract the surety entered into when writing the bond.

We therefore hold as to the United States Fidelity and Guaranty Company, the trial court properly sustained the demurrer.

. . . . .

To read into the bond liability for the operation of an automobile enlarges the liability to an extent not heretofore recognized and without any words in the bond itelf [sic] providing for such liability. This Court held in *Wisconsin Lumber Co. v. State*, 97 Miss. 571, 54 So. 247 (1911), that a contract cannot be impaired either by subsequent legislation "or decision of its courts altering the construction of the law."

*Id.* at 995.

■ In the court's opinion, the case *sub judice* concerns, construing the third-party complaint most favorably to Newton County, Sheriff Miles' alleged nonperformance of administrative duties, not law enforcement duties. As such, the court finds the above analysis applicable here. Indeed,

---

**2.** As the Mississippi Supreme Court recognized in *Poole I*, Miss.Code Ann. § 19–25–13 provides not only that a sheriff shall include in his bud-

get "amounts for insurance protection of the sheriff and his deputies," but also "amounts for compensating the deputies." *Id.* at 994–95.

Sheriff Miles' bond was issued pursuant to the same statute as the bond at issue in *Poole I,* "which merely requires that the sheriff faithfully execute the laws." *Id.* Furthermore, as was the case in *Poole I,* a surety's liability on a sheriff's bond for the acts alleged in this case has not previously been recognized by a Mississippi court. Consequently, "[t]o read into the bond liability for the [compensation of deputies] enlarges the liability not heretofore recognized and without any words in the bond it[s]elf providing for such liability." *Id.* Moreover, Mississippi statutes specifically provide that the compensation of sheriffs and deputy sheriffs shall be paid from the county's general fund. *See* Miss.Code Ann. §§ 19–25–13, –19; Miss.Code Ann. 25–3–25(2), –27. It is apparent to the court that the Mississippi Legislature intended for each county, through its general fund, to pay the compensation due sheriffs and deputy sheriffs, just as it intended liability insurance to cover automobile accidents involving the sheriff's vehicles. *See Poole I,* 338 So.2d at 995. Therefore, in accordance with the reasoning of *Poole I,* the court must conclude that the proper compensation of deputy sheriffs is the responsibility of Newton County, not USF & G.

Newton County's only attempt to distinguish *Poole I* is by citing the companion case of *Poole v. Maryland Casualty Ins. Co.,* 380 So.2d 238 (Miss.1980) (*Poole II*), and implying that the decision in that case somehow affected the ruling in *Poole I.* The court finds, however, that *Poole II,* which stands only for the proposition that Miss.Code Ann. § 19–25–23 "does not make it mandatory upon the Board [of Supervisors] to obtain ... liability insurance for the sheriff," *id.* at 239, has no bearing on the case at hand. *Poole I* was not overruled by *Poole II,* and in contrast to both *Poole I* and the present case, which involve the liability of the sheriff and his surety, *Poole II* deals with the liability of the individual members of the board of supervisors and their sureties. As discussed above, *Poole I* held that the surety on the sheriff's bond could not be held liable for a deputy's automobile accident since the Legislature did not intend for the bond to serve as insurance, "else it would not have provided in [Miss.Code Ann. § 19–25–13] that the budget of the sheriff 'shall include amounts for insurance protection....'" *Id.* at 995. The court finds nothing in *Poole II* suggesting, and Newton County has not pointed out how the holding in that case in any way affects the holding in *Poole I* or, for that matter, the case before the court. Simply stated, Newton County's assertion that *Poole II* somehow makes *Poole I* inapplicable to the instant case is without merit.

## CONCLUSION

Accepting the allegations of Newton County's third-party complaint as true, there is no set of facts which would obligate USF & G to pay compensation to a former deputy sheriff of Newton County under the public official's bond issued on Sheriff Miles. Accordingly, it is ordered that third-party defendant USF & G's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted.

ORDERED.